### UNITED STATES v. WASHINGTON INSTITUTE OF TECHNOLOGY, Inc.
No. 256.

District Court, D. Delaware.
Sept. 8, 1942.

Francis M. Shea, Asst. Atty. Gen. (Stewart Lynch, U. S. Atty., of Wilmington, Del., T. Hayward Brown, Department of Justice, of Washington, D. C., of counsel), for plaintiff.

Howard Duane, of Wilmington, Del. (Samuel Scrivener, Jr., of Washington, D. C., of counsel), for defendant.

LEAHY, District Judge.

This is a motion to dismiss, on the ground of non-joinder of necessary parties defendant, a complaint filed on June 2, 1942, pursuant to R.S. § 4915, 35 U.S.C.A. § 63, seeking a decree which will authorize the Commissioner of Patents to issue a patent to plaintiff as assignee of Francis W. Dunmore and Frank G. Kear. On December 3, 1941, the Board of Appeals of the Patent Office rendered a decision on interference proceedings adverse to the Dunmore-Kear application Serial No. 679,-366 and in favor of application Serial No. 8541, filed by Kear and assigned to defendant herein.

The parties whom, it is argued, plaintiff erroneously failed to join are Kear, the inventor-assignor, and certain licensees of defendant.

On March 1, 1935, defendant and Kear entered into an agreement fixing their rights in the application Serial No. 8541 whereby defendant and Kear had equal interests in the application. By this agreement defendant, although holder of the record title, could not assign the application or any patent to be issued on the application without the consent of Kear. Profits received after exploitation were to be divided. On the same day, Kear assigned the application to defendant. The assignment, which recites the agreement above referred to, was recorded in the Patent Office on March 2, 1935.

On March 12, 1938, defendant granted to F. L. Jacobs Co., a Michigan corporation, an exclusive license in this application—along with a number of patents and other applications for patents—for use in the limited field of a specified type of radio landing systems for aircraft.[1] The licensee was given the right to bring suit, in its own name and that of defendant, against any infringer. On February 7, 1939, F. L. Jacobs Co. transferred all its rights and obligations under the agreement to Air-Track Manufacturing Corporation, also a Michigan corporation. Air-Track has instituted an action in the United States District Court for the District of Maryland seeking cancellation of the agreement on the ground of fraudulent misrepresentations and failure of consideration. This suit is now pending.

R.S. § 4915 requires "notice to adverse parties." Washington Institute of Technology, Inc., the sole defendant in this suit, accordingly moved to dismiss on the ground that there are other "adverse parties" who, although indispensable, were not joined.[2] Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, making non-joinder no ground for dismissal, has, of course, no application where a truly indispensable party is missing.

An indispensable party was early defined in Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. There, the Supreme Court said: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." This definition has been reaffirmed in State of Minnesota v. Northern Securities Co., 184 U.S. 199, 22 S.Ct. 308, 46 L.Ed. 499; Hazeltine Corp. v. White, 2 Cir., 68 F.2d 715; Parker Rust-Proof Co. v. Western Union Tel. Co., 2 Cir., 105 F.2d 976, 979.

Under this definition, Kear is an indispensable party. While he has assigned his application to defendant, and defendant is the record owner, he nevertheless has all the attributes of a co-owner, at

---

[1] The invention in suit covers merely two fields: radio landing systems for aircraft, in which field the invention is exclusively licensed to Air-Track, and radio beacon systems, which field is controlled by defendant, subject to certain rights of the original inventor Kear.

[2] Actions under R.S. 4915 are different from actions brought under the declaratory judgment statute and from infringement suits. Hence, decisions as to who are necessary parties under the latter types of action do not control here.

least beneficially. He is to participate in profits, and, he has the power to restrict the alienation of the invention. In the Parker Rust-Proof case, supra, Curtin, the inventor-assignor, had rights somewhat similar to Kear's here. The court was of the opinion that: "The mere recital of these rights makes it clear, we think, that success by the plaintiffs in their suit will seriously prejudice Curtin's interests. A decision awarding priority of invention to them would certainly preclude any favorable sale of the Corporation's exclusive license in the patented inventions, and thereby destroy the possibility of profits one half of which would belong to Curtin. It would undoubtedly diminish royalties, to which he has a conditional right, and would destroy the value of his contingent reversionary interest in the Corporation's exclusive license. * * * Hence, in the absence of special circumstances making it inequitable to require Curtin to be joined, we should regard him as an indispensable party, as did the district court."

It is clear to me that any decision rendered in this case would vitally affect Kear's interests and that he is, therefore, an indispensable party.

Plaintiff argues that it allowed the period of limitations to run without instituting its suit in the District of Columbia court[3] because it had no knowledge of Kear's rights and that it should not be deprived of its right to bring R.S. § 4915 proceedings in this court because of facts of which it had no knowledge. In Nachod & United States Signal Co. v. Automatic Signal Corp., 2 Cir., 105 F.2d 981, 983, Judge Augustus N. Hand observed: "A hardship may arise in a case where a plaintiff suing under Section 4915 does not know of the existence of an exclusive license [here the assignment agreement] and therefore makes only the inventor [here the assignee] a party-defendant for, as a result, his bill may be dismissed after it is too late to bring suit in the District of Columbia." He then outlined a procedure under the Rules of Civil Procedure whereby the hardship might be avoided.

Moreover, although the limitations have run on instituting an action in the District of Columbia court, under the facts of the case at bar, it cannot be said that the hardship was of defendant's making. The assignment of the application from Kear to defendant contained the following: "Now, Therefore, in consideration of One Dollar ($1.00) in hand paid, and of other good and valuable considerations, receipt of which is hereby acknowledged, and in consideration of the covenants of the Institute set forth in an instrument in writing dated March 1, 1935, the said Kear hereby sells * * * the said application * * *." These papers were recorded in the Patent Office. Hence, plaintiff had ample opportunity to know of the existence of the March 1, 1935, agreement and of Kear's rights thereunder.

I conclude that the inventor-assignor is an indispensable party, in view of the nature of his agreement with defendant. As such, he is an adverse party within the meaning of Section 4915 and an indispensable party in this suit.[4]

In the light of this conclusion, I need not decide the question of whether Air-Track Manufacturing Corporation, as an exclusive licensee in a limited field, is an indispensable party.

The motion to dismiss must be granted. Let an order be submitted.

[3] 35 U.S.C.A. § 72a.

[4] In John B. Pierce Foundation v. Penberthy Injector Company, D.C., 22 F. Supp. 239, this court held that the inventor-assignor was not an indispensable party under Section 4915. But in that case it did not appear that the inventor had reserved to himself the substantial interests that Kear has reserved to himself in the instant case.