## SOLOMON v. SCHLICKER.
### No. 2785.

District Court, E. D. New York.

Dec. 5, 1944.

David J. Moscovitz, of New York City, for defendant, for the motion.

Charles M. Palmer, of Washington, D. C., for plaintiff, opposed.

INCH, District Judge.

This is a motion by defendant for an order dismissing the complaint in a suit to obtain a patent, 35 U.S.C.A. § 63, on the ground that an indispensable party is not or has not been made a party defendant. That such party has not been served with process; that this court is without jurisdiction to try the suit.

A brief reference to the facts according to the dates is first made.

The defendant, Schlicker, is the sole defendant in the suit. He is the patentee of letters patent dated February 7, 1939. Prior to the issuance of the patent and on January 31, 1939, he had duly assigned all his right, title and interest in and to the patent and the invention disclosed to a New York corporation, Rollo Curl Corp. This corporation had been incorporated November 7, 1938, under the laws of the State of New York.

Interference proceedings in the patent office had arisen between the plaintiff, Solomon, and the defendant, Schlicker, in which interference proceedings the said Rollo Curl Corporation defended the rights of Schlicker, and the patent office having sustained Schlicker, an appeal was taken to the Board of Appeals which affirmed the decision of the patent office, handing down its decision on June 16, 1942. In other words, during this proceeding and the appeal plaintiff knew or should have known that a corporation owned the Schlicker patent.

Nevertheless, following the decision of the Board of Appeals on June 16, 1942, the plaintiff commenced this suit on July 17, 1942, making the sole defendant the inventor, Schlicker, who after his said assignment had no financial or other interest in the said patent.

Counsel for plaintiff in its brief states: "Admittedly through inadvertence the Rollo Curl Corporation was not joined with the party Schlicker as defendant herein." (Page 2, of memorandum.)

So far as I can see from a careful reading of all the papers submitted on behalf of plaintiff there is no claim indicated that the ownership of this patent by a corporation was not known as far back as these interference proceedings and the appeal. Counsel properly uses the word "inadvertence" in place of absence of such knowledge.

The record owner of this patent at the time of the commencement of this suit, upon the records of the patent office, was the Rollo Curl Corporation. On or about October 31, 1941, the New York corporation, Rollo Curl Corporation, had been duly dissolved and its assets, including the Schlicker patent, had been duly purchased by and transferred to the Rollo Curl Corporation, incorporated under the laws of Connecticut. This also had occurred almost a year before the present suit was commenced.

To be sure the answer interposed in this suit by the defendant Schlicker, filed August 6, 1942, did not set up the ownership of the patent by either the New York corporation or the Connecticut corporation.

But in the six months limitation allowed the plaintiff in which to bring this suit, commencing June 16, 1942, in the light of what had taken place as to the disclosure of the sole owner of the patent in the patent office, and on the said appeal, there remained ample time in which to obtain discovery as to an indispensable party in order to avoid the hardship which might result in the absence of such party. Yet nothing of the kind was done. Nachod & U. S. Signal Co. Inc., v. Automatic Signal Corporation, 2 Cir., 105 F.2d 981–982.

We have therefore a suit where neither the Rollo Curl Corporation of New York or the Rollo Curl Corporation of Connecticut, respectively the sole owner of the patent, were or are parties to the suit and as either one or both were or are indispensable parties this court cannot proceed to a determination of the issue.

Aside from this prior knowledge and the "inadvertence," counsel for plaintiff urges that because the answer of the inventor Schlicker did not set up this ownership by the aforesaid corporation, nevertheless, this court should in effect in equity extend the right to continue the suit by denying the motion now made by the defendant and issuing supplemental process, etc., to these corporations, or at least to the dissolved New York corporation.

In this argument counsel relies mainly on the case of Parker Rust-Proof Co. v. Western Union Telegraph Co. 2 Cir., 105 F.2d 976. But a reading of that case does not support such argument because of the different facts here. There the court of equity found that there had been such deliberate suppression of knowledge and the truth as to create a situation where such conduct would defeat justice. There is no such situation here and Judge Swan writing the opinion of the court in that case was careful to say: "We need not, and do not, say that mere failure to inform a plaintiff of the unrecorded interests of an indispensable party is enough to defeat the objection that he has not been joined." 105 F.2d at page 979 of opinion.

Consequently, we have here in this suit a situation where, with full prior knowledge and ample time in which to bring in an indispensable party, plaintiff has failed to avail itself thereof and the hardship of a dismissal, if any there be, after what has previously taken place, is one that should have been foreseen and must be borne by plaintiff. United States v. Washington Institute of Technology Inc., D. C., 47 F. Supp. 384.

Accordingly the motion is granted.