## SHELL DEVELOPMENT CO. v. UNIVERSAL OIL PRODUCTS CO.
### Civ. A. No. 424.

District Court, D. Delaware.

Dec. 4, 1945.

Theodore S. Kenyon, Douglas H. Kenyon, and Malvin R. Mandelbaum (of Kenyon and Kenyon), all of New York City, and Caleb S. Layton and Robert H. Richards, Jr. (of Richards, Layton & Finger), both of Wilmington, Del., for plaintiff and' for two others appearing voluntarily.

William F. Hall and Charles M. Thomas, both of Washington, D. C., and William S. Potter (of Southerland, Berl & Potter), of Wilmington, Del., for defendant.

Hobart N. Durham, Thomas R. MacDonald, and James J. Dwyer (of Morgan, Finnegan & Durham), all of New York City, and William H. Foulk, of Wilmington, Del., for Anglo-Iranian Oil Co., Limited.

LEAHY, District Judge.

The complaint filed under R.S. § 4915, 35 U.S.C.A. § 63, was dismissed for nonjoinder of an indispensable party. 61 F. Supp. 925. Later, counsel for plaintiff apparently representing also two other parties, Standard Oil Development Company and Texaco Development Company, filed a pleading wherein both voluntarily appeared in this cause, submitted themselves to the jurisdiction, and sought to be made parties defendant. Plaintiff then filed its petition for rehearing on the ground that by such voluntary appearances all indispensable parties were before the court. Defendant Universal Oil Products Company filed a motion to dismiss such purported voluntary appearances on the ground they were barred by the jurisdictional statute of limitations, R.S. § 4915, 35 U.S.C.A. § 63.

Doubt was expressed in the former opinion (61 F.Supp. 925) as to the court's jurisdiction in an R.S. § 4915 proceeding where plaintiff fails to comply with that section by not bringing in all indispensable parties within the six months' period provided by that section. It was held that, regardless of Anglo-Iranian's voluntary appearance, once the court passed on the merits of Universal's motion to dismiss and after the expiration of the limitations period, it was then too late to attempt to bring in additional indispensable parties. This was the view I had and, since the opinion, it is to be noted this is the view recently taken in Klumb v. Roach, 7 Cir., 151 F.2d 374. If the requirements of the statute are jurisdictional (which they obviously

are), voluntary appearances cannot cure a failure to comply with the statute.

Accordingly, Universal's motion to dismiss the voluntary appearances of Standard Oil and Texaco will be granted and plaintiff's motion for reargument will be denied. An order may be submitted.