## PAPER CONTAINER MFG. CO. v. DIXIE CUP CO.

### Civ. No. 990.

District Court, D. Delaware.

Oct. 8, 1947.

Thomas Cooch (of Marvel & Morford), of Wilmington, Del. (F. M. Warden (of Cromwell, Griest & Warden), of Chicago, Ill., of counsel), for plaintiff.

William H. Foulk, of Wilmington, Del. (Carlton Hill, Charles F. Meroni and M. R. Chambers (of Charles W. Hills), all of Chicago, Ill., of counsel), for 'defendant.

RODNEY, District Judge.

. This is a proceeding under R.S. § 4915[1] to obtain a patent. The following facts may be material and sufficiently stated. On February 9, 1943 one Hulseman executed an application for Letters Patent for a "Cup Holder" which application the following day was assigned to the present plaintiff. On February 12, 1943 the application was filed in the Patent Office.

On November 15, 1943 an application for Letters Patent for a "Holder for Paper Cup" was filed in the name of one Herman Carew and the present defendant is assignee of Carew.

On February 25, 1944 interference was declared between the two applications and this interference was duly prosecuted.

During the interference proceedings and on November 8, 1945 the plaintiff made an assignment of the plaintiff's rights in the application, invention and any Letters Patent to be issued thereon, to Reconstruction Finance Corporation (hereinafter called R.F.C.) but retaining to the plaintiff certain rights to be hereinafter considered.

---

[1] 35 U.S.C.A. § 63.

On January 8, 1946 the assignment of Hulseman to the plaintiff and the assignment from the plaintiff to R.F.C. were recorded in the Patent Office in appropriate volumes of Transfers of Patents.

On July 11, 1946 the interference, hereinbefore referred to, was decided by the Board of Interference Examiners with an award of priority of invention to the Carew application, being the defendant's assignor.

On January 2, 1947 the present plaintiff, in its name alone, instituted this action.

The defendant filed a motion to dismiss the complaint for lack of jurisdiction under Federal Rules of Civil Procedure, rule 12 (b), 28 U.S.C.A. following section 723c and subsequently, by a supplement to such motion, there was presented the two assignments of the Hulseman application and invention as above set out. By this motion there was presented the claimed status of R.F.C. as assignee of the plaintiff and as an indispensable party plaintiff and the propriety of such suit without the R.F.C. being a party thereto.

A hearing was had on such motion and after the hearing and before the determination thereof the plaintiff, on June 9, 1947, filed an amendment to its complaint under Rule 15(a), the purport of which was the joining of R.F.C. as a party complainant.

The defendant has filed a motion, under Rules 12(b) and 12(f), to strike the plaintiff's amendment to the complaint and, by stipulation, it was agreed that the court should consider both motions upon the hearing had and the authorities subsequently cited.

The questions will be considered in their natural and logical order.

1. Before considering the indispensability of R.F.C. as a party plaintiff in this action by reason of its status as assignee of the present plaintiff it is necessary to consider that assignment itself and the legal incidents flowing therefrom.

The assignment agreement specifically provides that as security for the plaintiff's loan from the R.F.C., the plaintiff "does sell, assign and transfer unto R.F.C. and its successors and assigns forever (subject only to the rights and licenses heretofore granted by the Assignor * * *) all right, title and interest of the Assignor in and to" all of the patents owned by the plaintiff [assignor], all of the patent applications owned by the plaintiff, including the Hulseman application, and any and all other patents, applications and patents issuing thereon "hereafter acquired" by the plaintiff. These rights and interests are assigned to the R.F.C. in the following terms: "To Have and to Hold the same unto R.F.C. and its successors and assigns, forever, to its and their own proper use and behoof, to the full end of the respective terms for which any and all of said Letters Patent and applications for Letters Patent are now or hereafter granted, as fully and entirely as the same would have been held and enjoyed by the Assignor had this assignment and sale not been made."

The plaintiff, in the agreement, does reserve (1) a "personal, non-exclusive, nonassignable and royalty-free right and license * * * to make, use and vend the subject matter" of the Hulseman application; (2) the right to bring direct infringement suits in the name of the plaintiff and the R.F.C., provided the R.F.C. consents thereto in writing, or does not dissent thereto within a specified period; and (3) the right and privilege, as a condition precedent, of approving in writing any other license under the patents or applications, or any of them, granted by the R.F.C. to any other party making products or using processes directly competitive with the products and processes of the plaintiff. These licenses, rights and privileges, however, are reserved to the plaintiff for only so long as it shall punctually and fully discharge all obligations and agreements made by it to or with the R.F.C., and until the R.F.C. gives notice to terminate the reservations for failure so to discharge said obligations and agreements.

The agreement further provides that the assignment is made upon the express condition that if the plaintiff punctually and fully pays or causes to be paid to the R.F.C. the full amount payable upon the loan and fully keeps and performs every other act, covenant and agreement on its part to be done, kept and performed pursuant to any

mortgage or to the assignment, or to any agreement made by the plaintiff with the R.F.C. in connection with the loan, all without fraud and delay and according to the true intent and meaning thereof, then the assignment shall be null and void, and the patents and applications shall be re-assigned to the plaintiff, but shall otherwise remain in full force and effect.

In addition, the plaintiff expressly agrees to prosecute at its own expense all applications owned by it at the time or all thereafter acquired, in the United States Patent Office and Appellate Tribunals.

Much reliance is placed by the defendant on Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 335, 34 L.Ed. 923, and its application is denied by the plaintiff. It is true that Waterman v. Mackenzie was not a suit under R.S. § 4915 but a suit in Equity largely for the infringement of a patent. The case discussed the rights incident to a purported assignment of a patent and the proper parties to enforce those rights. No reason is apparent which would prevent principles determining the parties necessary to protect a patent as by infringement suit from being considered also in the determination of the right to sue to establish that patent from which any future claims for infringement must ensue.

In Waterman v. Mackenzie, supra, the court considered, as to patents, the distinction between an assignment and a license, holding that the distinction was not in the name used but in the legal effect of the provisions. That court considered the terms of an instrument executed by the holder of a patent to another; in the instant case an instrument was given by the holder of a patent to R.F.C. with the reservation of certain rights to the holder and, subject to those reserved rights, all other incidents of the patent seem to be granted to R.F.C. If there be a distinction between the cases then it seems a distinction with little difference. The legal situation of the present facts seems to be as if the plaintiff had made an absolute assignment to R.F.C. and then R.F.C. had re-granted to the plaintiff all the rights concerning the patent which were retained or reserved by the plaintiff under the existing agreement. The extent and character of those reserved rights and the character of the interest of R.F.C. are the matters for consideration.

In determining whether such an assignment makes the R.F.C. the real party in interest and thus an indispensable party to this action let us consider the nature of the rights reserved by the plaintiff and especially as to whether those same rights, if affirmatively granted, would make the grantee an assignee or licensee. In Waterman v. Mackenzie, supra, it is said: "The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either, (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. * * * Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. * * * In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name * * *."

The mere fact that the instrument now considered states that the interest reserved by the plaintiff is a "non-exclusive" license is not, however, in itself, determinative of the character of the interest. Here, however, I find no facts which would remove the agreement from that status in which the parties clearly intended to place it. It is called a "personal, non-exclusive, non-assignable and royalty-free right and license * * * to make, use and vend * * *." It so appears to be. The two material rights reserved to the present plaintiff are (1) the right to bring suit for infringement in the name of the present plaintiff "and of R.F.C.," provided R.F.C. consents, or, if assent is requested, does not dissent within 90 days. Without this assent or express failure to dissent no such suit could be brought; (2) the required approval by the plaintiff of other licenses "directly competitive with the products, articles and methods of assignor." Here there is no absolute right of approval and only the limited right exists so long as the

plaintiff is in no default as to its obligations.

I must conclude that the rights reserved to the present plaintiff were those of a "personal, non-exclusive and non-assignable royalty-free right and license."

Waterman v. Mackenzie determined the interest of parties under circumstances clearly analogous to the present case. It determined that the assignee had the full right, title and interest in the subject matter of the assignment. It is true, as heretofore stated, that Waterman v. Mackenzie was not brought pursuant to R.S. § 4915. It is therefore necessary to consider those cases arising under R.S. § 4915 and which applied the same principles as Waterman v. Mackenzie.

In Becker v. General Chain Co., 1 Cir., 273 F. 419, 424, the inventor's assignee alone brought suit under R.S. § 4915. The court held that "applicant" in R.S. § 4915 means the party in interest and the only party in interest is the assignee and hence the assignee was the proper plaintiff, there being no necessity for joinder of the inventor-assignor.

In Garfield et al. v. Western Electric Co., Inc., et al., D.C.S.D.N.Y.1924, 298 F. 659, the defeated inventor in the Patent Office and his assignee together instituted action under R.S. § 4915. Pendente lite, the assignee in turn assigned to a third party, who declined to prosecute the suit. The court held that the inventor-assignor could not maintain the suit alone, inasmuch as the only person who had any interest in the prosecution was then absent from the suit and the inventor himself had parted with all his rights in the property at issue. See also Friedman v. Krenkel, D.C.E.D.Pa. 1938.[1]

The correctness of the view that R.F.C. as the assignee of the present plaintiff is the party in interest and indispensable party to the suit may clearly be seen if, for a moment, the situations be considered as reversed. If the present defendant, Dixie Cup, had been unsuccessful in the interference proceedings in the Patent Office and had itself brought R.S. § 4915 proceedings to obtain a patent, clearly R.F. C. as the assignee of Paper Container Co., the present plaintiff, would have been an indispensable party defendant.

In John B. Pierce Foundation et al. v. Penberthy Injection Co., D.C.Del.1938, 22 F.Supp. 239, the defeated applicant in the Patent Office and his assignee brought an action under R.S. § 4915 against only the assignee of the successful applicant. The defendant assignee moved to dismiss on the ground that his assignor was not joined, but the court denied the motion on the ground that the assignee was the sole indispensable party.

In Nakken Patents Corporation v. Westinghouse Electric & Mfg. Co. et al., D.C. E.D.Pa.1937, 21 F.Supp. 336, 337, the assignee of the unsuccessful inventor in the Patent Office brought an R.S. § 4915 proceeding in the Eastern District of Pennsylvania against the successful inventor and his assignee. The successful inventor was a resident of the said Eastern District, but his assignee was a resident of the Western District of Pennsylvania. In holding that the suit must fail because it was not brought in the proper district and should have been brought in the district of the residence of the assignee, the court said: "It may be conceded that the assignor of a patent is a proper party to a suit under section 4915, R.S. * * * [However] Westinghouse, as assignee, is the only party actually interested in the suit. * * * [The inventor-assignor] is a purely formal and unnecessary party, and while it was not improper to join him his joinder did not confer jurisdiction upon this court."

In Armstrong et al. v. De Forest, 2 Cir., 13 F.2d 438, the court held that the assignee of the inventor, the holder of the title to the existing patent, must be properly before the court before the adjudication of the patent can be had.

In John B. Pierce Foundation v. Penberthy, supra, this court has held that where the assignor had assigned all his interest in the patent application, the assignee was the only party in interest and the only indispensable party. In United States v. Washington Institute of Technology, Inc., D.C., 47 F.Supp. 384, this court

---

[1] No opinion for publication.

held that where the assignor had retained an equal interest in the patent application and in its further assignment, the assignor, under such circumstances, was also an indispensable party. This case was affirmed in 3 Cir., 138 F.2d 25. No case has ever held that an assignee for value, holding legal title to the patent application, was not a party in interest and an indispensable party to proceedings affecting that application and patent to be issued thereon.

In Waterman v. Mackenzie, 138 U.S. 252, 258, 11 S.Ct. 334, 34 L.Ed. 923, the assignment by the plaintiff's wife to Shipman's Sons provided that if the debt be paid according to its tenor, "then this assignment and transfer shall be null and void, otherwise to be and remain in full force and effect." This is strikingly similar to the provision in the assignment by the plaintiff in the case at bar to the R.F.C. Under Waterman v. Mackenzie such an instrument is a mortgage, in apt terms and in legal effect. The effect of such mortgage is stated in Waterman v. Mackenzie as follows: "A patent-right is incorporeal property, not susceptible of actual delivery or possession; and the recording of a mortgage thereof in the patent-office, in accordance with the act of Congress, is equivalent to a delivery of possession, and makes the title of the mortgagee complete towards all other persons, as well as against the mortgagor. * * * There can be no doubt that he [the mortgagee] is 'the party interested, either as patentee, assignee, or grantee' * * *." 138 U.S. 252, 260, 11 S.Ct. 334, 337, 34 L.Ed. 923.

The court, in Waterman v. Mackenzie, held that the plaintiff could not maintain the bill for the reason that Shipman was the owner of the whole title thereto and was the only person entitled to maintain the suit. So in the case at bar, I think that the R.F.C. is the real party in interest and as such is the only indispensable party to maintain this suit. The plaintiff's covenant in the assignment agreement to prosecute all applications in the "Patent Office and Appellate Tribunals" has no effect here, since this is not an appellate tribunal and the action is not an appeal but an action de novo. Daniels v. Permutit Co., D.C.Del. 1942, 44 F.Supp. 74, 76.

Having determined that R.F.C. is the real party in interest it necessarily follows that it is an indispensable party to this proceeding.

Indispensable parties have long been defined as: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. United States v. Washington Institute of Technology, D.C., 47 F.Supp. 384.

Clearly no final decree could be made in this case, especially one adverse to the plaintiff, without affecting the interest of R.F.C. as the assignee of the plaintiff and holder of title to its patent application.

An indispensable party under the authorities hereinbefore cited must be a party to the suit. While misjoinder of parties constitutes no ground of dismissal, it is well settled that failure to include an indispensable party plaintiff does constitute such ground. Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1016, certiorari denied 317 U.S. 659, 63 S.Ct. 57, 87 L.Ed. 529; United States v. Washington Institute of Technology, D.C., 47 F.Supp. 384.

2. This, then, brings us to a consideration of the amendment to the complaint.

The plaintiff on June 9, 1947 filed an amendment to the complaint, before responsive pleading and "as of course," under Rule 15(a), the effect of such amendment being solely to bring in R.F.C. as a party plaintiff and to make such changes in the complaint as would make it conformable to the changed parties. There appears no formal application of R.F.C. to be made a party but with the amendment is filed a letter on the letterhead of R.F.C. and dated in Chicago and signed by one "R. J. Thompson, Attorney." It states, "You may take this letter as your authority to join Reconstruction Finance Corporation as party plaintiff in the said action with the

understanding that you will not look to the corporation for fees and that your client will, as stated in its letter, hold the corporation harmless as to costs, fees and expenses of every kind growing out of the litigation."

The defendant has moved to strike the amendment to the complaint, on the grounds, inter alia, (1) that the amendment was not filed by leave of court as required by Rule 21, and (2) that the court has no jurisdiction to accept the amendment because its filing in order to bring in an indispensable party was untimely, it being filed on June 9, 1947, being more than the six months' period prescribed in R.S. § 4915, 35 U.S.C.A. § 63, following the decision of the Board of Interference Examiners on July 11, 1946.

It seems inappropriate at this time to decide whether a mere addition of a party constitutes such an amendment of a "pleading" as to be accomplished under Rule 15 (a) or whether, in view of the elaborate rules concerning parties, Rules 17–25, such changes of parties need be made under Rule 21. The language of that rule, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," would indicate an intent to expressly cover all changes in parties under that rule. In Curacao Trading Co., Inc. v. Federal Insurance Co. et al, D.C.S.D.N.Y.1942, 2 F.R. D. 265, the court felt that an opposing party had a right to be heard as to change of parties and that an attempt to add a party by a method which eliminated an opportunity so to be heard was improper; the court also felt that since the court could allow the addition of a new party "on such terms as are just" a course of conduct circumventing the judicial scrutiny or imposition of terms was improper.

In Orloff v. Hayes, D.C.S.D.N.Y.1946, 7 F.R.D. 75, permission to file an amendment to complaint under Rule 15(a) had been granted. No order had been granted to add a new party and no copy of the amendment submitted to the court. The court held the addition of a party under such amendment under Rule 15(a) was improper though that defect might be remedied.

The determination of the question as to whether a party can be added in any manner other than an application under Rule 21 seems improper at this time under the facts of this case. Even though no motion for the addition of R.F.C. as a party plaintiff has been made under Rule 21, yet the court in furtherance of justice and on its own initiative could and, in a proper case, should, order the addition of an indispensable party plaintiff. A final order for the admission of R.F.C. as a party plaintiff could not be made at this time for the reason that the defendant has moved to strike the amendment on the ground that the six months' provision in R.S. § 4915, within which the suit could be brought, is jurisdictional and that contention must be briefly considered.

On July 11, 1946 the interference in the patent office was determined by the Board of Interference Examiners.

On January 2, 1947 this suit was instituted by the plaintiff alone, herein determined as a proper but not indispensable party. The only indispensable party plaintiff, R.F.C., was not attempted to be joined until June 9, 1947.

In Shell Development Co. v. Universal Oil Products Co., D.C., 63 F.Supp. 476, this court, by Judge Leahy, determined that the six months' provision was jurisdictional and that jurisdiction could not be entertained where an indispensable party had not come in or been brought in within the six months' period from the decision of the Board of Interference Examiners. The last cited case was affirmed in 3 Cir., 157 F.2d 421, although the latter court expressed doubt that the statutory provision was jurisdictional.

The statute, R.S. § 4915, provides a six months' period after the decision of the Board of Interference Examiners during which a suit can be brought in the District Court.

The present case is much stronger than the Shell Development case. In the cited case the suit was brought within the statu-

tory period and some but not all of the indispensable parties were before the court. The court held that all indispensable parties were required to be before the court within the statutory period. In the present case while the suit was brought within the statutory period by a proper party, no indispensable party plaintiff was before the court at any time within the statutory period. There should not be two utterly divergent. rules within the same district and, until otherwise determined, the statutory provisions must be held to be jurisdictional. In line with the holding that the statutory provision is jurisdictional, see Nachod & United States Signal Co. v. Automatic Signal Corporation, 2 Cir., 105 F.2d 981; Solomon v. Schlicker, D.C.E.D. N.Y.1944, 58 F.Supp. 444; Klumb v. Roach, 7 Cir., 151 F.2d 374, certiorari denied 327 U.S. 784, 66 S.Ct. 684, 90 L.Ed. 1011.

The complaint must be dismissed.