PEARL GOOD, as Administratrix of the Estate of JACK K. GOOD, Deceased, and as an Individual, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, Respondent.

No. 3841

January 24, 1955.                     279 P.2d 467.

(Rehearing denied February 18, 1955.)
*Stewart and Horton,* of Reno, for Petitioner.

*C. Lester Zahniser,* of Sparks, for Respondent.

## OPINION

By the Court, BADT, J.:

Petition for certiorari to review certain orders of the respondent court in a trial de novo from the justice's court allowing certain amendments to the plaintiff's complaint, which petitioner alleges were without the jurisdiction of the district court to make.

A claim was filed in the matter of the estate of Jack K. Good, deceased, by claimant named as "A & S Machine Shop," to which was attached a statement naming the creditor as "A & S Machine Shop Frank S. Saunders." The verification of the claim was made by Frank S. Saunders on the printed form furnished by the clerk reciting, "the undersigned being duly sworn, says that he is the creditor named in and who makes the foregoing claim * * *." The claim was for $192.50, comprising $189 labor and $3.50 material in the furnishing of a "ladder hook." The hours comprising the labor were itemized as to dates, amounts, etc. The claim was rejected by the administratrix and suit on the rejected claim was filed in the justice's court of Sparks township by "Frank S. Saunders, dba A and S Machine Shop vs. Pearl Good, as Administratrix, etc." The plaintiff alleged that he was the owner of the A & S Machine Shop and had filed a certificate of doing business under a fictitious name as required by statute. He alleged the furnishing of the labor and the material to the decedent by the plaintiff and the filing and rejection of the claim against the administratrix. The justice of the peace entered judgment for the defendant administratrix, including an attorney fee of $75. After the appeal was lodged with the district court the petitioner herein took the deposition of Frank S. Saunders, who testified (in reduction to narrative form) as follows: "I own the A & S Machine Shop. It is a corporation, a family affair, father, son and mother. I am the manager,

the resident agent, I am responsible. I bought it as a corporation from Mr. Shelley, lock, stock and barrel, everything. I bought everything, all outstanding stock, all machinery and everything. The corporation has operated as a corporation ever since I purchased it. Q. Was the work and labor described in your complaint done by the machine shop as a corporation? A. You mean were we under a corporation when we performed this work? Q. Yes. A. Yes. It has been in force, never let off." Following such deposition, defendant administratrix moved for a summary judgment. The court denied the motion, ordered that the complaint be amended by substituting the corporate plaintiff for Frank S. Saunders as an individual, and granted the motion of the plaintiff to amend and correct the creditor's claim and the affidavit supporting the same to show the claimant as A & S Machine Shop, a corporation. Unless such orders are annulled by this court, the respondent district court will proceed to try the case de novo on such appeal, and upon such amended complaint based upon the rejected creditor's claim as amended.

Petitioner contends that the district court had no jurisdiction to permit the amendment on appeal, (1) because there was no showing of a change of circumstances, (2) because the same resulted in the statement of a new cause of action, (3) because the amendment substituting parties on appeal brought in a party not a successor in interest to the substituted party and one not asserted to be affected by the judgment appealed from, (4) because the substitution was made after expiration of the time within which an appeal from the justice's court could be taken, and (5) because the amended claim filed in the estate proceeding was after expiration of time for filing of claims and resulted in the statement of a new claim. It is our opinion that these assertions of lack of jurisdiction are all without merit.

Relying on Paul v. Armstrong (reprint, 1–2 Nev. 70), 1 Nev. 82, petitioner contends that in a trial de novo in the district court upon an appeal from a justice's

court the issues "must be the same as those tried in the court below,"[1] and that in the instant case such issue was changed to a suit by a corporate plaintiff on a rejected corporate claim for work and labor furnished by a corporation from a suit by an individual plaintiff on an individual claim for work and labor furnished by an individual. The liberality of our applicable statutes and rules of civil procedure as applied to the recited facts leads us to the conclusion that these contentions are not tenable. Section 9882.121 N.C.L. 1931–41 Supp., which describes the nature of the claim to be filed against a decedent's estate, contains the following sentence: "The court may, in its discretion, for good cause shown, allow a defective claim or affidavit to be corrected or amended on application made at any time before the filing of the final account." The record does not indicate that the final account has as yet been filed. As to whether the amendment results in the statement of a new claim beyond the purview of permitted amendments and corrections, we feel that this is governed by our conclusions hereinafter stated with reference to the amendment of the complaint. And unless the nature and character of the claim are substantially changed, there would appear to be no good reason why the amendment should not have been permitted. Kirman v. Powning, 25 Nev. 378, 60 P. 834, 61 P. 1090.

[1] The quoted clause, taken out of context, is misleading. Though we may assume for the sake of argument that such is the general rule, in the case cited it was applied to permit, and not to restrict, a right of review of the judgment of ejection by a justice's court where that court had, in excess of its jurisdiction, entered a judgment by confession. As no issues were raised in the justice's court, there was nothing to be retried on a trial de novo and, an appeal being thus unavailing, certiorari was held proper. The right to assert and prove a defense (lack of notice etc. before ejectment) was preserved by the district court and affirmed by this court. We achieve the same result here, although the right preserved is the cause of action of the plaintiff rather than the defense of the defendant. Nor is Martin v. District Court, 13 Nev. 85, holding that a default in the justice's court left no issues to be tried in the district court, applicable here, where the defendant's answer denied that any materials or labor were furnished to the decedent.

Prior to the effective date of the new rules of civil procedure (N.R.C.P.), amendment of pleadings was largely governed by the provisions of sec. 8640, N.C.L. 1929. This section read in part: "The court may, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may upon like terms enlarge the time for an answer, reply, or demurrer, or demurrer to an answer or reply filed. The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars * * *." The liberality of permitting amendments under this section was in some cases limited by holdings to the effect that a new and different cause of action could not be substituted through such amendment, and that an absolute substitution of indispensable parties could not be permitted thereby. Amendment of pleadings is now governed by the applicable sections of N.R.C.P., in whose construction we are aided by the interpretation of the federal courts of corresponding sections of the federal rules of procedure.

Rule 21 N.R.C.P. concerning misjoinder and nonjoinder of parties reads:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Rule 15 (a) concerning amended and supplemental pleadings provides, first, when the pleading may be amended as of course and then provides: "Otherwise a party may amend his pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Subdivisions

(b), (c) and (d) of this rule evidence even greater liberality of amendment.

In Paper Container Mfg. Co. v. Dixie Cup Co., 74 F. Supp. 389, a proceeding was brought in the U.S. District Court for the District of Delaware under R.S. sec. 4915 to obtain a patent after a decision by the Board of Interference Examiners. Under the facts the Reconstruction Finance Corporation, as assignee of the patent, was held to be an indispensable party. The plaintiff, as of course and before the filing of a responsive pleading, filed an amendment to the complaint under Fed. Rules Civ. Proc., Rule 15(a), 28 U.S.C.A., to bring in the R.F.C. as a party plaintiff. Defendant moved to strike the amendment, first, because it was not filed by leave of court as required by Rule 21 and, secondly, because the court had no jurisdiction to accept the amendment because the bringing in of an indispensable party plaintiff was not made within the six months' period prescribed in R.S. sec. 4915, 35 U.S.C.A. sec. 63,* for such a proceeding. The latter ground was held good, but as to the former the court said [74 F. Supp. 395]: "Even though no motion for the addition of R.F.C. as a party plaintiff has been made under Rule 21, yet the court in furtherance of justice and on its own initiative could and, in a proper case, should, order the addition of an indispensable party plaintiff."

On appeal, Paper Container Mfg. Co. v. Dixie Cup Co., 170 F.2d 333, 339, the Circuit Court of Appeals for the Third Circuit, reversed that part of the order which dismissed the bill because not filed within six months after the decision of the Board of Interference Examiners, and held that the bill, as filed by Paper Container was timely even though R.F.C. was not joined as a plaintiff. As to the subsequent amendment, the appellate court emphasized the fact that the R.F.C. was an indispensable party and that the action could not proceed to a conclusion without its being joined as a party. The

*1952 Revision 35 U.S.C.A., secs. 145, 146.

court then said: "Paper Container has endeavored to effect this by filing the amendment referred to in the first paragraph of this opinion. As we apprehend the record the court below did not pass directly upon the question of the propriety of the amendment filed under Rule 15 (a) but simply dismissed the complaint. * * * Whether that joinder be made by way of an amendment under Rule 15 (a) or by motion under Rule 21 seems to us to be immaterial but the proper course of joinder must be determined by the court below upon remand." Particularly pertinent to the present case is the observation of the court that it makes no difference to the defendant Dixie Cup which party plaintiff is the real and indispensable[2] party in interest, or whether both are, as Dixie Cup will have its day in court, and that whether the patent is issued to Paper Container or to R.F.C. or to both (if the patent application relied upon is held valid) is a matter of no legal import to Dixie Cup. In the instant case the administratrix will have her day in court. If she successfully defends the action, neither Frank Saunders nor A & S Machine Shop, a corporation, may relitigate his or its claim against her. If the judgment should go against her, she is not concerned with the question as to whether the estate must pay the amount of the judgment to Frank Saunders or to A & S Machine Shop. The estate cannot be subjected to another suit in the matter. Time for filing claims against the estate, as well as time for suits on rejected claims, has long since expired. The same evidence will support the claim of the individual plaintiff and of the corporate plaintiff and the same measure of damages will apply to both. It is not amiss to note

---

[2] Emphasis should be given to the references by the court in this case and by the court in the Eastern Distilleries Corporation case, infra, to the bringing in, by amendment or motion under the rules, of an additional *indispensable party plaintiff*. Such emphasis is important by reason of earlier rulings which though conceding the propriety of an amendment to add an additional *proper* party, questioned the right to bring in an *indispensable* party omitted from the original pleading.

that the creditor's claim was filed December 5, 1951, that the time for filing such claims expired March 5, 1952 and that the rejection of the claim was made February 4, 1953—eleven months after expiration of time for filing claims and fourteen months after the claim was filed.[3]

In In re Eastern Distilleries Corporation, 47 F. Supp. 330, 332, the stockholders of the corporation owning all its outstanding shares entered into an agreement with the defendant whereby the latter agreed to lend money to the corporation under certain conditions. The corporation ratified and confirmed the agreement, agreed to be bound by its terms and did and performed certain things thereunder. After partial performance, the defendant refused to continue with its agreement, to the alleged damage of the corporation, and suit for damages was brought by the trustee in bankruptcy of the corporation. Defendant moved to dismiss for nonjoinder of the contracting stockholders. The court referred to the general rule that an action on a simple contract must be brought by the person from whom the consideration actually moved and not by a stranger to the consideration. As the stockholders had covenanted that the corporation do certain things and perform sundry acts, the court said: "I cannot persuade myself that Eastern is a 'stranger to the consideration'," and held that the "nearness of relation" between the promisee and the beneficiary furnished an exception to the rule stated, citing Mellen v. Whipple, 1 Gray, Mass. 317. And see Micheletti v. Fugitt, 61 Nev. 478, 486, 487, 134 P.2d 99, where

---

[3] Sec. 9882.123, N.C.L. 1931–41 Supp. (the amendment of Stats. 1953, 505, not then being in effect) provided: "Within fifteen days after the time for filing claims has expired, as hereinbefore provided, the executor or administrator shall examine all claims filed and endorse on each claim his allowance or rejection * * *." Sec. 9882.124 provides in part: "When a claim is rejected * * * the holder shall be immediately notified by the executor or administrator, and such holder must bring suit * * * within thirty days after such notice * * * otherwise the claim shall be forever barred."

this court refused to "strain after technicalities to defeat the intention of the parties," where the corporation, "although maintaining the form of legal existence, was, in effect, merely the name under which defendant was doing business." DUCKER, J., writing the opinion, emphasized the fact that the other party was not deceived in any way. Nor was the decedent in the instant case.

We are of the opinion that the reasoning of the foregoing, and other similar opinions, should guide us in the instant case, to the end that the exercise by the learned district judge of his discretion in permitting the amendments in the furtherance of justice should not be disturbed. We think it in accordance with the mandate of Rule 15 (a) N.R.C.P. that leave to amend shall be freely given when justice so requires.

The petition for a writ of certiorari is denied and the proceedings dismissed.

MERRILL, C. J., and EATHER, J., concur.