H. A. WEILER, Appellant, *v.* JOHN TOM ROSS, Special Administrator of the Estate of JOHN R. ROSS, Deceased, Respondent.

No. 4736

September 11, 1964        395 P.2d 323

*Brian L. Hall,* of Reno, for Appellant.

*Laxalt, Ross & Laxalt,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In this case the district judge dismissed the suit of a creditor against an estate because the complaint designated the defendant John Tom Ross as the special administrator of the estate when, in fact, he was at that time the general administrator thereof.[1] Contemporaneously the judge refused to rule upon the plaintiff's motion to amend to cure the mistake as to the capacity in which the named defendant was sued. The dismissal was apparently based upon NRS 140.040(3) which provides that "in no case shall the special administrator be liable to an action by any creditor on any claim against the estate, nor pay any claim against the deceased." On this appeal the creditor does not challenge the dismissal. However, he does claim that error occurred when the judge refused to rule on his motion to amend to reflect the true capacity of the defendant. It is clear from the record that the creditor cannot start another suit because of the bar of NRS 147.130(1) which requires suit upon a rejected claim to be brought within 30 days after notice of rejection. Thus, if relief is not given by this court, the creditor will be forever foreclosed from obtaining an adjudication of the merits of his claim.

The trial judge stated that the creditor's motion to amend his complaint was "untimely" and, for that

---

[1]Chronology: May 6, 1963, John Tom Ross appointed special administrator, and letters issued.

May 27, 1963, John Tom Ross appointed general administrator.

June 4, 1963, Letters of administration issued.

June 4, 1963, Notice to creditors (3 months).

August 13, 1963, Weiler filed creditor's claim against the estate.

September 9, 1963, Weiler claim rejected.

September 27, 1963, Notice of rejection mailed to Weiler.

October 25, 1963, Present suit on rejected claim commenced.

reason, declined to rule. The motion was first made orally during the hearing of the defendant's motion to dismiss, and later, on the same day, a written motion to amend, together with the proposed amended complaint, was filed. A motion to amend may be made orally in open court in the presence of counsel for the adverse party (Christensson v. Hogdal, 91 U.S.App.D.C. 251, 199 F.2d 402; 3 Moore, Federal Practice, p. 102) and leave to amend should be freely given when justice requires. NRCP 15(a); Good v. District Court, 71 Nev. 38, 279 P.2d 467. Here the creditor's claim was filed against the estate during the course of its general administration in the form and manner required by law. It was rejected by John Tom Ross as the general administrator. Suit upon the rejected claim was thereafter commenced within the time specified by NRS 147.130(1). The incorrect designation in the complaint of the defendant as special administrator when he was, in fact, the general administrator, was an inadvertence totally unrelated to the merits of the controversy between the creditor and the estate, and without prejudice to the rights of either. In these circumstances we do not hesitate to declare that the trial judge should have permitted the amendment in the interest of justice.

The effect of the lower court's refusal to rule upon the motion to amend was to deny the motion (Hewel v. Hogin, 3 Cal.App. 248, 84 P. 1002), and for the purposes of this appeal we shall treat that motion as though it was denied. The judgment of dismissal is modified to permit the plaintiff to file an amended complaint within 15 days after remittitur is sent to the district court. Should the plaintiff fail to do so, the dismissal shall stand.

BADT, C. J., and MCNAMEE, J., concur.