DAISY A. FISHER, Appellant, v. EXECUTIVE FUND
LIFE INSURANCE COMPANY, Respondent.

No. 6808

December 29, 1972                    504 P.2d 700

*Seymour H. Patt,* of Reno, for Appellant.

*Hawkins, Rhodes & Hawkins* and *Gene Barbagelata,* of
Reno, for Respondent.

# OPINION

By the Court, Mowbray, J.:

Daisy A. Fisher has appealed from a judgment of the district court dismissing her complaint against Respondent Executive Fund Life Insurance Company on the ground that the complaint failed to state a claim against respondent upon which relief may be granted.

Fisher sued Executive Fund for $214.28 allegedly due her under a home confinement benefit rider that she claimed she had purchased from Executive Fund. In the same complaint, Fisher sought "general compensatory" damages in the sum of $25,000 and punitive damages, predicated upon an alleged fraud perpetrated on her by Executive Fund, in the sum of $250,000.

The original jurisdiction of the district court begins only when the demand (exclusive of interest) exceeds $300.[1] In the instant case, Fisher sought payment under the home confinement benefit rider of only $214.28, which sum does not place jurisdiction in the district court. Additionally, Fisher's general conclusionary allegation of fraud on the part of Executive Fund failed to meet the standard of specificity required by NRCP 9(b).[2] The learned judge therefore dismissed Fisher's complaint for failure to state a cause of action upon which relief could be granted. The dismissal was ordered with prejudice and without leave to amend.

While it is true that the granting of leave to amend a complaint is discretionary with the trial court,[3] it is also true that

---

[1]Nev. Const. art. 6, § 6:

"The District Courts in the several Judicial Districts of this State shall have original jurisdiction in all cases . . . in which the demand (exclusive of interest) or the value of the property in controversy, exceeds Three Hundred Dollars . . ."

[2]NRCP 9(b):

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[3]See Nelson v. Sierra Constr. Corp., 77 Nev. 334, 364 P.2d 402 (1961).

leave to amend should be permitted when no prejudice to the defendant will result and when justice requires it.[4] We believe that under the posture of the instant case, such leave to amend should have been granted to Fisher. Executive Fund had not filed an answer; no discovery proceedings or trial preparation had been made. We fail to find any cause for not allowing Fisher an opportunity to amend her complaint to state a claim predicated upon the fraudulent conduct she alleges, if it is possible for her to do so with the particularity required by the rule. The case is therefore remanded to the district court for that purpose.

ZENOFF, C. J., and BATJER and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

In most material part, appellant's Complaint alleged: that respondent induced appellant to pay respondent $18.33, by falsely representing it would issue appellant a "Home Confinement Benefit Rider"; that thereafter appellant was confined to her home, following open heart surgery, thereby becoming entitled to $214.28 in benefits; that respondent then refused to pay appellant, claiming she did not have coverage for home confinement benefits, because respondent had never issued a rider to her; that such acts constituted fraud; and that appellant, "who is under doctor's care for her heart condition has been unreasonably subjected to unnecessary strains, aggravation, frustration, financial pressures, fear, and physical stresses due to defendants' [sic] unreasonable, unjustifiable, and fraudulent activities." In addition to special damages in the amount of $214.28, appellant's Complaint alleged and prayed for general compensatory damages in the sum of $25,000, and punitive damages in the sum of $250,000, it being alleged that the latter sum was appropriate in view of respondent's alleged net worth of $1,500,000.

Viewed as a complaint based on fraud, I am inclined to consider these allegations sufficiently specific to satisfy NRCP 9(b). In any event, without according controlling significance to the Complaint's mention of fraud, I suggest the other allegations state an action for mental distress caused by bad faith refusal to pay policy proceeds. See, for example: Crisci v. Security Insurance Co. of New Haven, Conn., 426 P.2d 173

---

[4]See Servatius v. United Resort Hotels, Inc., 85 Nev. 371, 455 P.2d 621 (1969) and Good v. Second Judicial Dist. Court, 71 Nev. 38, 279 P.2d 467 (1955).

(Cal. 1967); Wetherbee v. United Insurance Company of America, 71 Cal.Rptr. 764 (Cal.App. 1968); Fletcher v. Western National Life Insurance Co., 89 Cal.Rptr. 78 (Cal. App. 1970).

However, assuming *arguendo* that the Complaint was so inartistic that neither of these theories of action was sufficiently alleged, both were certainly suggested. Hence, if it was not error to dismiss appellant's Complaint, it surely was error to refuse leave to amend.