FRANCES SELSNICK, Appellant, *v.* RICHARD HORTON, Respondent.

No. 10779

December 30, 1980                              620 P.2d 1256

GUNDERSON, J., concurred and dissented.

*Douglas G. Lohse,* Reno, for Appellant.

*Vargas, Barlett & Dixon,* and *John C. Renshaw,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

### THE FACTS

Appellant Frances Selsnick commenced an action for legal malpractice against Attorney Richard Horton. Appellant's claims of negligence were based upon three grounds: (1) respondent Horton's failure to prosecute an appeal of a summary judgment granted in favor of First Commercial Title; (2) Horton's dismissal, without prejudice, of a claim against Union Federal; and (3) Horton's advice to appellant to release certain funds pursuant to a stipulation. A jury awarded appellant $52,126.80. A postjudgment motion for new trial was granted primarily on the grounds that a jury instruction was given which, in the view of the district court, improperly allowed compensation for mental anguish. Appellant appeals from the order granting the motion for a new trial, and the district court's order granting a partial summary judgment against appellant on her claim predicated upon Horton's failure to prosecute the appeal against First Commercial Title.

### THE MOTION FOR A NEW TRIAL

Part of the instruction regarding damages read: "Such sum to plaintiff as may reasonably compensate plaintiff for any

mental anguish, anxiety, or suffering caused by defendant's actions." It was error for the trial court to so instruct. Appellant's suit was premised solely upon ordinary negligence; she did not allege nor attempt to prove extreme and outrageous conduct causing such anguish or distress. Absent such proof, appellant may not recover damages for mental anguish or emotional distress. McKissick v. Schroeder, 235 N.W.2d 686 (Wis. 1975); Alcorn v. Anbro Engineering, Inc., 468 P.2d 216 (Cal. 1970); Restatement (Second) of Torts § 46(1) (1965). Cases cited in the dissent for the opposite proposition involve situations allowing an additional element of damage because of the presence of physical injury. Babcock & Wilcox Co. v. Nolton, 58 Nev. 133, 71 P.2d 1051 (1937); *see also* Burrus v. N.-C.-O. Ry. Co., 38 Nev. 156, 145 P. 926 (1914); Barnes v. W.U. Tel. Co., 24 Nev. 125, 50 P. 438 (1897). In the *Burrus* case, this court merely recognized the rule that, in special cases involving peculiarly personal subject matters, mental anguish may be a foreseeable damage resulting from breach of contract. *See* Crisci v. Security Insurance Co. of New Haven, Conn., 426 P.2d 173 (Cal. 1967); Chelini v. Nieri, 196 P.2d 915 (Cal. 1948). Because this case, as presented below, did not warrant a jury instruction on mental anguish, the trial court properly granted respondent his motion for a new trial.

## *THE PARTIAL SUMMARY JUDGMENT*

The trial court granted respondent's motion for partial summary judgment against appellant on her claim predicated upon Horton's failure to prosecute an appeal against First Commercial Title. NRCP 56(c) allows for summary judgment only where there is no genuine issue as to any material fact. Whether Horton's conduct in not pursuing the appeal or not applying for relief from the default judgment, NRCP 60, fell below that of a reasonable attorney is an issue of fact which should have been resolved at trial. Therefore, the trial court erred in granting respondent's motion.

For the above reasons, we affirm the order granting respondent's motion for a new trial, and reverse the order granting respondent partial summary judgment.

THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

GUNDERSON, J., concurring and dissenting:

The appellant, Dr. Selsnick, contends the trial court erred, *inter alia,* by granting partial summary judgment in favor of respondent Horton. Thereby, the court precluded Dr. Selsnick

from introducing evidence at trial on allegations that attorney Horton failed to prosecute the appeal he had been hired to process in her behalf; that for several months Horton repeatedly lied to her, saying her appeal remained viable; that Horton in fact acquiesced in dismissal of her appeal without informing her or obtaining her consent; and that Horton's actions constituted not only negligence, but extreme and outrageous conduct. By thus rendering summary judgment, the trial court determined that Mr. Horton's misconduct could not, as a matter of law, give rise to a cause of action or, in the alternative, that such misconduct did not damage Dr. Selsnick in any measureable way.

Therefore, the majority's assertion that Dr. Selsnick "did not allege nor attempt to prove extreme and outrageous conduct" causing anguish or distress is only correct because the trial court, by summary judgment, precluded such proof.

Even without her claim for outrageous conduct being fully and properly presented, Dr. Selsnick apparently satisfied the jury that Mr. Horton's actions warranted a verdict in her favor. I respectfully submit that this verdict, entered upon Dr. Selsnick's other claims against Mr. Horton, should be upheld, and that no further delay should be indulged in allowing her recovery as to the sum of $52,126.80.

It appears from the record that on or about March 28, 1972, Dr. Selsnick employed Mr. Horton to file an appeal of a default summary judgment entered against her and in favor of First Commercial Title Company ("the builder's control") in an ongoing contractual dispute centered on the construction of the doctor's home. Mr. Horton took a retainer of $500.00 and, on April 10, filed a notice of appeal. In the ensuing two months, Horton neither docketed the record on appeal, nor sought an extension of time to do so. On August 18, 1972, this court granted an unopposed motion by First Commercial Title to dismiss the appeal on grounds that it had been abandoned.

The record further reflects that while these events were occurring, up to and including December 4, 1972, Horton repeatedly told Dr. Selsnick that her appeal was pending and all was in order. In November of 1972, Dr. Selsnick personally called this court to inquire about the status of her appeal and learned it had been dismissed.[1]

---

[1] In a subsequent phone conversation with the Chief Justice, Dr. Selsnick queried, "just what goes on here? I pay an attorney $500.00 to file an appeal, and now you tell me it's not there any longer. And, Mr. Horton tells me it is. What's going on in this city? Am I crazy or is the city crazy or is it the legal profession?"

On December 5, 1972, Dr. Selsnick finally managed to confront Mr. Horton personally and told him, "Mr. Horton, I know that the appeal is no longer before the Supreme Court . . . What do we do?" Mr. Horton made no response at all for a few moments and then told Dr. Selsnick, "I give ulcers, I don't get ulcers."

These facts are obviously sufficient to support a finding of liability against Mr. Horton, whether on grounds of ordinary negligence, or grounds of outrageous or willful misconduct.[2]

By signing and filing Dr. Selsnick's appeal as he did on April 10, 1972, Mr. Horton indicated that he believed there were good grounds to support it. NRCP 11. In dismissing the appeal for a want of perfection on August 18, 1972, this court did not determine that the appeal was frivolous or that it had been processed for purposes of delay, nor did this court impose damages for delay on Dr. Selsnick. NRAP 38. Mr. Horton did not seek a voluntary dismissal of the appeal under NRAP 42 nor did he ever express any reservations about the merits of the appeal to Dr. Selsnick. Permissible inferences from this court's action, and Mr. Horton's inaction, are that although the appeal did not lack merit, Mr. Horton inexcusably failed to perfect it and to prevent its dismissal.[3]

Also, the record shows Mr. Horton acted outrageously by repeatedly lying to Dr. Selsnick, saying her appeal was still pending when he knew it had been dismissed, without his having registered any opposition. If he had acted properly, or allowed Dr. Selsnick to do so, the appeal Mr. Horton has certified to be valid could have been preserved.

A trial judge should exercise great care in granting motions for summary judgment. *Short,* cited above; McColl v. Scherer, 73 Nev. 226, 231–232, 315 P.2d 807 (1957). Rule 56 of the

---

[2]In deciding the propriety of a trial court's granting of a summary judgment all evidence favorable to the party against whom the summary judgment was rendered is accepted as true. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 560 P.2d 914 (1977); Bowyer v. Davidson, 94 Nev. 718, 584 P.2d 686 (1978). Accordingly, all evidence which Dr. Selsnick would have offered against Mr. Horton at the trial below, had she been permitted to do so, is accepted as true for purposes of this opinion.

[3]"An attorney expressly and explicitly instructed by his client to follow a certain course of action in the conduct of litigation is under the duty of doing so if he remains in the suit at all, and accordingly he may be held liable for damages resulting from his failure to do so." 45 ALR2d Attorneys—Negligence—Liability § 3[c] (1956). "Negligence of an attorney in failing to take proper steps to protect his client's right of appeal or review has been held actionable . . . where, as a result, the right of appeal was lost." *Id.* § 21[a].

NRCP[4] authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and where no genuine issue remains for trial. *Short,* cited above; Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 809, 603 P.2d 268 (1979); Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819 (1977); Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 506, 435 P.2d 198 (1967). A litigant has a right to trial where there is the slightest doubt as to the facts. *Short,* cited above.

As the majority appear to realize, it is widely recognized that an attorney may be held liable for the failure to take or perfect an appeal if a trial shows an appeal would have resulted favorably to the client. Moreover, in circumstances analogous to those before us, it has been held that an action lies even without a showing that the appeal would have been won. Welder v. Mercer, 448 S.W.2d 952 (Ark. 1970) (failure to perfect appeal by missing deadline for filing of transcripts in will contest constituted a gross dereliction of duty for which the attorney was liable).

In the instant matter, Dr. Selsnick was ready to present evidence to establish that her appeal of the default summary judgment in favor of First Commercial Title would likely have been successful. She had several expert witnesses ready to testify to that effect.[5] During the trial, when Dr. Selsnick's counsel unsuccessfully sought to have the court reverse its earlier grant of a summary judgment, Mr. Horton's counsel stipulated that these individuals would present such evidence.

The trial court's conclusion that Mr. Horton's conduct had not damaged Dr. Selsnick was error for other reasons. Obviously, she had been damaged to the extent of the $500.00 Horton accepted to prosecute her appeal. She also had been damaged to the extent that she had to expend her own time seeking another attorney to reopen the dismissal and, when she had no success in this endeavor, using her own time and energies attempting to reinstate her appeal.

I also question our brother MOWBRAY'S assertions that in an action premised upon negligence, "[i]t is established that one may not recover damages for mental anguish or emotional distress alone absent extreme and outrageous conduct causing

---

[4]NRCP 56(c) in pertinent part reads:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admisssions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[5]Three attorneys (Mr. Charles Springer, Mr. Robert Robertson, and Mr. Gary Backus) were all willing to testify to that effect.

such anguish or distress." He supports this statement by a string of authorities from other jurisdictions.

Our brother attempts to distinguish a viable precedent of this court which holds to the contrary. *See* Babcock R. Wilcox Co. v. Nolton, 58 Nev. 133, 71 P.2d 1051 (1937). In *Nolton* the defendant corporation contended that the trial court had erred in proffering the jury an instruction on mental anguish.[6] This court rejected the defendant's contention and declared the instruction to have been properly phrased and given. In doing so we declared that, "recovery of damages may be had for mental pain, disassociated from bodily suffering in damage cases growing out of contract, is the settled law of this state." *Id.,* 148. This court went on to say:

> Johnson v. Wells, Fargo & Co., insofar as it holds that mental pain, as distinct from bodily pain, is not the subject of compensation in a case where the injury is the result of negligence, is expressly overruled.
>
> The instruction is not objectionable in including mental pain as an element of damages for which compensation could be allowed. If appellant wished a more specific instruction in that respect, he should have requested it.

*Id.,* at 148.

The similarity between the damages instruction approved in *Nolton* and the one contested herein is striking. And, in the instant matter as in *Nolton,* the defendant did not suggest an alternative instruction, even though the court asked if he wished to do so.

Our brother MOWBRAY says *Nolton* is distinguishable from the instant case because the former involved, not only mental anguish, but an "additional element of damage," i.e. physical injury. He has failed to tell us, however, why that distinction should be controlling. And, it should be noted that, in other factual situations involving breach of contract, mental anguish has been accepted as an element of damage without any allegation of direct physical injury. *See e.g.* Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966); Fisher v. Executive Fund Life Ins. Co., 88 Nev. 704, 504 P.2d 700 (1972).

This court should reverse the trial court's order granting Mr. Horton a new trial. In any event, of course, the trial court's

---

[6]In pertinent part the contested instruction read, "[i]n assessing damages, if you find the plaintiffs entitled to recover damages, you should take into consideration the following elements, in the event any of them are found to exist, and allow adequate compensation therefor. * * * . . . (9) [m]ental pain and suffering by Marguerite Nolton, if any. * * *"

entry of a summary judgment constituted prejudicial error, and inasmuch as my brethren hold that this case must be fully re-tried, I presume they also contemplate that the district court will allow whatever amendment of the pleadings may be necessary, so Dr. Selsnick's case can be fully presented. *Id.*