*Molleur v. Bucknam*, No. 251-9-14 Cacv (DiMauro, J., May 29, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Caledonia Unit** | **Docket No. 251-9-14 Cacv** |

**MICHEL J. MOLLEUR and
CAROLYN C. BROWN, Plaintiffs**
     **v.**

**DEBORAH T. BUCKNAM and
BUCKNAM & BLACK, P.C.,**
     **Defendants**

### DECISION
### Plaintiffs' Motions to Reconsider and Amend Complaint

BACKGROUND

In 2001, Plaintiff Molleur was appointed as guardian of his granddaughter, "KM," due to substance abuse issues with KM's parents.[1] KM came to live with both Plaintiffs who began to serve as KM's primary caregivers. In March 2011, the Vermont Supreme Court affirmed the denial of Mr. Molleur's previous petition to terminate the parental rights of KM's father, but reversed the trial court's decision allowing Mr. Molleur's guardianship of KM to continue, and remanded the case to the trial court for an order transferring custody of KM to her father "within an appropriate time." See *In re K.M.M.*, 189 Vt. 372, 385 (2011).

On April 1, 2015, this court issued an entry order granting Defendant's motion to dismiss Plaintiffs' claims for breach of contract, deceit in billing, and damages for emotional distress. In addition, the court denied Defendant's motion to dismiss Carolyn Brown as a plaintiff and Plaintiffs' consumer fraud claim.

On April 13, 2015, Plaintiffs filed a motion to amend their complaint, as well as a motion to reconsider their emotional distress claim. Plaintiffs contend that the continuous representation rule applies because Defendants ceased representing them less than three years before they filed the instant action. Plaintiffs also assert that "Vermont law may no longer require allegation of 'some bodily hurt' when emotional distress is practically guaranteed by the nature of the negligence, as in a child custody case."

In a response filed on May 11, 2015, Defendants assert that the continuous representation rule "has never been adopted [in] Vermont, nor has it been widely adopted in the Northeast." Defendants argue that even if the continuous representation standard of other states were applied to the facts of this case, Plaintiff could not prevail, where the Supreme Court's decision

---

[1] In its April 1, 2015 decision, the court misidentified the grandchild as Plaintiff Molleur's "grandson."

"effectively ended the litigation in this matter." Defendants further argue that the court's dismissal of Plaintiffs' emotional distress claim is consistent with Vermont law.

Plaintiffs supplement their motion to reconsider and reply to Defendants' opposition by contending that it is unreasonable to expect them to "start thinking about suing their lawyer while the lawyer was still trying to minimize their injury." Additionally, they reiterate their assertion that the court "apparently did not consider that recent Vermont Supreme Court cases may allow recovery for negligently caused emotional distress without any physical harm."

ANALYSIS

1. *Motion to Reconsider*

While Plaintiffs do not cite the authority under which they have filed the instant motion, this court considers a motion to reconsider a pre-trial order under Vermont Rules of Civil Procedure Rule 54(b). V.R.C.P. 54(b) (providing that, absent a final judgment, "any order or other form of decision" adjudicating fewer than all of the claims or fewer than all the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties").

The continuous representation doctrine has been adopted in attorney malpractice claims to toll the statute of limitations where the occurrence rule otherwise "compels clients to sue their attorneys though the relationship continues, and there has not been and may never be any injury." —LEGAL MALPRACTICE, STATUTES OF LIMITATIONS § 23:45 *Commencement or accrual—The continuous representation rule—Status of the rule*. Jurisdictions in neighboring states have adopted this doctrine, with varying yet comparable standards. The Connecticut standard requires that: (1) the defendant continued to represent the plaintiff with regard to the same underlying matter; and (2) the plaintiff did not know of the alleged malpractice or the attorney could still mitigate the harm allegedly caused by the malpractice during the period of continued representation. See *Sean O'Kane A.I.A. Architect, P.C., v. Puljic*, 148 Conn.App. 728, 734 (2014) (citing *DeLeo v. Nusbaum*, 263 Conn. 588, 596-597 (2003)). Similarly, New York courts require "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" for the continuous representation doctrine to apply." *Pellati v. Lite & Lite*, 736 N.Y.S.2d 419, 421 (2d Dep't 2002) (citing *Luk Lamellen U. Kupplungbau gmbH v. Lerner*, 560 N.Y.S.2d 787 (2d Dep't 1990)). Massachusetts courts have held simply that the continuing representation doctrine "'tolls the statute of limitations in legal malpractice actions where the attorney in question continues to represent the plaintiff's interests in the matter in question.'" *Vinci v. Byers*, 837 N.E.2d 1140, 1145 (Mass.App.Ct. 2005) (citing *Murphy v. Smith*, 411 Mass. 133, 137 (1991)). However, they have emphasized that the doctrine has no application "where the client actually knows that he suffered appreciable harm as a result of his attorney's conduct." *Id*. (citing *Lyons v. Nutt*, 436 Mass. 244 (2002)).

Here, more than six months following the filing of the original complaint and only after dismissal of their emotional distress claim, Plaintiffs argue for the first time that the continuous representation doctrine applies in this case to toll the statute of limitations on that claim. The Supreme Court's March 2011 decision unequivocally terminated Plaintiff Molleur's guardianship and ordered transfer of custody of the subject child to the father. *In re K.M.M.*, 189 Vt. at 385. As determined in this court's previous decision, Plaintiffs were on notice at that point of the loss of the child they had been caring for since infancy. Plaintiffs allege that this loss caused them emotional harm. Thus, in contrast to the circumstances contemplated under LEGAL MALPRACTICE § 23:45, the injury purportedly caused by the defendant attorney was not merely speculative and Plaintiffs, at the least, should have known of the harm. Indeed, in arguing that Defendants attempted to "minimize the injury" by continuing to represent them, Plaintiffs acknowledge that the harm had already occurred. However, given that the Supreme Court explicitly provided leeway in the timing of the transfer of the subject child, this court is not persuaded that Defendants' continued representation of Plaintiffs could serve to "mitigate" any injury to Plaintiffs. Further, Defendants could not effectively "rectify" the alleged malpractice where the case had already been appealed to the Vermont Supreme Court. See *Pellati*, 736 N.Y.S.2d at 421. Under these circumstances, the court declines to adopt the continuous representation doctrine to toll the statute of limitations on Plaintiffs' emotional distress claim.

## 2. *Emotional Distress Claim*

Generally, "'[a]bsent physical contact, one may recover for negligently caused emotional distress only when the distress is accompanied by substantial bodily injury or sickness. Accordingly, one must show some physical effect of any claimed emotional injury—some bodily hurt—in order to prevail.'" *Vincent v. DeVries*, 193 Vt. 574, 579 (2013) (citing *Fitzgerald v. Congleton*, 155 Vt. 283, 292 (1990)). Nonetheless, emotional distress damages may lie in the absence of physical manifestations under "special circumstances." *Id.* Mishandling of bodily remains and negligent transmission of a message announcing death have long been established as two types of special circumstances in which emotional distress damages have been warranted. *Id.* at 580. The Vermont Supreme Court has suggested that a claim of emotional distress might also be viable where "common sense and compelling evidence confirm the likely validity of a claim." *Id.* at 581. External courts have recognized this exception where legal malpractice leads to a loss of liberty or separation from one's child for a period of years. *Id.* at 585. In the same vein, some courts considering recovery of damages for severe emotional distress have required egregious conduct on the part of the defendant attorney, coupled with personal loss. *Id.* at 587 (citing *Garland v. Roy*, 2009 ME 86 ¶¶ 24-27 ("We have never allowed the recovery of emotional distress damages in legal malpractice actions that involve only an economic loss and no egregious conduct by the attorney."); *Lickteig v. Alderson, Ondony, Leonard & Sween, P.A.*, 556 N.W.2d 557, 561-62 (Minn. 1996) (emotional distress damage award improper where lawyer's conduct was merely negligent and not willful, wanton or malicious); *Selsnick v. Horton*, 96 Nev. 944 (1980) (damages for emotional distress not available in legal malpractice suit premised upon ordinary negligence, with no allegation of extreme and outrageous conduct)).

3

Even if the court were inclined to apply the continuous representation doctrine in this instance, it nevertheless finds, as it did previously, that in light of the case law, Plaintiffs' bare allegation that they suffered "serious emotional distress" does not adequately state a claim for damages based on emotional distress. The jurisdictions which have departed from considering damages for emotional distress only in cases involving physical impact have made it clear that the instances in which such damages are recoverable without physical injury are exceptional and involve "deeply emotional responses." *Id*. at 585 (citing *Miranda v. Said*, No. 11-0552, 2012 WL 2410945 at *4 (Iowa Ct.App. June 27, 2012) (allowing claim for emotional distress damages where defendant lawyer's negligence caused plaintiffs to be deported and separated from their children for at least ten years); *Lawson v. Nugent*, 702 F.Sup. 91, 95 (D.N.J. 1988) (involving loss of liberty interest where plaintiff found to be entitled to seek damages for emotional distress resulting from 20 additional months of confinement in maximum security penitentiary); *Person v. Behnke*, 242 Ill.App.3d 933 (1993) (allowing claim for noneconomic damages resulting from plaintiff's loss of contact with children for over five years); *McEvoy v. Helikson*, 277 Or. 781 (1977) (finding plaintiff could be entitled to damages for "anguish and mental (suffering) due to the loss of his minor child")).

The court finds the case law in favor of recovery of damages for emotional distress to be inapposite to the instant case. Plaintiffs do not allege that they no longer have contact with the subject child, nor do they allege egregious or outrageous conduct on the part of Defendants. Additionally, while not intending to diminish the nature of the relationship between Plaintiffs and the subject child, the court notes that it is unclear from the case law whether the same courts would find that damages are recoverable in a guardianship action involving the grandparents of a child, rather than the parents of children in custody proceedings. Although the court finds that the underlying circumstances have resulted in a personal loss to Plaintiffs, there is no indication that some "heightened level of culpability" on the part of Defendants resulted in "severe distress such that no reasonable person could be expected to endure." *Akutagawa v. Laflin, Pick & Heer, P.A.*, 2005-NMCA-132, ¶ 25. As such, the allegations before the court do not persuade it to reach a different result with respect to its prior dismissal of Plaintiffs' emotional distress claim.

### 3. Motion to Amend

Rule 15(a) of the Vermont Rules of Civil Procedure provides that leave to amend the complaint "shall be freely given when justice so requires." The Vermont Supreme Court has prompted trial courts to "be mindful of the Vermont tradition of liberally allowing amendments to pleadings when there is no prejudice to the other party." *Colby v. Umbrella, Inc.*, 184 Vt. 1, 5 (2008) (citing *Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 513 (1972)). On the other hand, denial of a motion under Rule 15(a) may be justified upon consideration of the following factors: "'(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.'" *Id*. (citing *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982)).

4

The court has considered the above-enumerated factors and finds that amendment of the Complaint is not warranted. Although Plaintiffs seek to add allegations in support of their arguments raised for the first time since filing the original Complaint in September 2014, the court will not find undue delay. The court likewise does not find that Plaintiffs have acted in bad faith. However, the court concludes that amendment of the pleadings would be futile, in light of its rulings in the foregoing sections. In addition, permitting Plaintiffs to amend the Complaint in a manner that retains the emotional distress claim would cause prejudice to Defendants. The court therefore denies Plaintiffs' motion to amend.

## Conclusion

Plaintiffs' motion to reconsider is **GRANTED**. Upon reconsideration, the court declines to alter its original decision dismissing Plaintiffs' emotional distress claim.

Plaintiffs' motion to amend the complaint is **DENIED**.

**SO ORDERED.**

Dated this ___ day of May 2015.

_____
Hon. Theresa DiMauro
Superior Court Judge