FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAEF LAWSON, individually and on behalf of all other similarly situated individuals, and in his capacity as Private Attorney General Representative,

*Plaintiff-Appellant*,

v.

GRUBHUB, INC.; GRUBHUB HOLDINGS, INC.,

*Defendants-Appellees.*

No. 18-15386

D.C. No. 3:15-cv-05128-JSC

OPINION

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted June 9, 2021
Seattle, Washington

Filed September 20, 2021

Before: William A. Fletcher, Paul J. Watford, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Class Certification / Employment Law

The panel affirmed the district court's denial of class certification, vacated the judgment for Grubhub, Inc. on the minimum wage, overtime, and expense reimbursement claims, and remanded for further proceedings in a diversity action brought by a plaintiff food delivery driver for Grubhub.

Grubhub classified the plaintiff as an independent contractor rather than as an employee. The plaintiff alleged he was misclassified, alleged violations of the California Labor Code, and sought to represent a class of similarly situated delivery drivers in California.

The panel held the district court properly denied certification to plaintiff's proposed class of delivery drivers in California. All members of plaintiff's putative class – except plaintiff and one other – signed agreements waiving their right to participate in a class action. Plaintiff could not satisfy the requirement in Fed. R. Civ. P. 23(a) because he is neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers. Plaintiff adduced no facts in addition to those already considered by the district court that would change the analysis as to class certification.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In *Dynamex Operations W., Inc. v. Superior Court*, 416 P.3d 1, 33–40 (Cal. 2018), the California Supreme Court adopted an "ABC test" for classification of workers raising claims rooted in California wage orders. In *Vazquez v. Jan-Pro Franchising International, Inc.*, 478 P.3d 1207 (Cal. 2021), the California Supreme Court held that the ABC test applied retroactively to claims rooted in wage orders. The panel rejected Grubhub's contention that California Proposition 22 "abated" the application of its ABC test to plaintiff's pending claims.

There is no dispute that plaintiff's minimum wage and overtime claims are rooted in wage orders. Because the district court rendered its judgment before the California Supreme Court decided *Dynamex*, it had no occasion to apply the ABC test to plaintiff's claims. The panel remanded to the district court to apply the ABC test in the first instance.

The California Supreme Court in *Dynamex* did not consider whether expense reimbursement claims under Cal. Labor Code § 2802 were subject to the ABC test. The panel remanded for the district court to decide in the first instance whether the ABC test applied to plaintiff's expense reimbursement claim.

## COUNSEL

Shannon Liss-Riordan (argued) and Thomas Fowler, Lichten & Liss Riordan P.C., Boston, Massachusetts, for Plaintiff-Appellant.

Theane Evangelis (argued), Theodore J. Boutrous Jr., Dhananjay S. Manthripragada, Brandon J. Stoker, and Samuel Eckman, Gibson Dunn & Crutcher LLP, Los Angeles, California; Michele L. Maryott, Gibson Dunn & Crutcher LLP, Irvine, California; for Defendants-Appellees.

Adam G. Unikowsky, Jenner & Block LLP, Washington, D.C.; Steven P. Lehotsky and Janet Galeria, U.S. Chamber Litigation Center, Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States of America.

Bradley A. Benbrook and Stephen M. Duvernay, Benbrook Law Group PC, Sacramento, California; Luke A. Wake, NFIB Small Business Legal Center, Sacramento, California; Fred J. Hiestand, General Counsel, Civil Justice Association of California, Sacramento, California; for Amici Curiae National Federal of Independent Business Small Business Legal Center and Civil Justice Association of California.

**OPINION**

W. FLETCHER, Circuit Judge:

For four months in late 2015 and early 2016, Raef Lawson worked for Grubhub, Inc. as a food delivery driver in the Los Angeles area. Grubhub classified Lawson as an independent contractor rather than as an employee. Lawson later sued Grubhub, arguing that he had been misclassified. Contending that he had been an employee, he alleged causes of action under the California Labor Code for failing to pay minimum wage and overtime, and failing to reimburse expenses. He sought to represent a class of similarly situated delivery drivers in California, and sought penalties under California's Private Attorneys General Act ("PAGA").

After denying class certification, the district court bifurcated the trial into two parts. The first part addressed whether Lawson was misclassified as an independent contractor. The second part would have addressed whether Grubhub owed PAGA penalties due to misclassification of its drivers in California. After a bench trial on the first part, the district court held that Lawson was properly classified as an independent contractor under *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 769 P.2d 399 (Cal. 1989). Because of its holding on the first part, the court did not reach the PAGA penalty issue.

Lawson appealed the denial of class certification and the holding that he was an independent contractor. We stayed his appeal while California law underwent significant changes with respect to the independent contractor/employee classification issue.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the denial of class certification, vacate the judgment for Grubhub on Lawson's minimum wage, overtime, and expense reimbursement claims, and remand for further proceedings.

## I. Factual Background

We begin with a brief summary of the facts found by the district court. Grubhub, Inc. is an internet food ordering service that allows customers to order from local restaurants. In 2016, Grubhub operated in 250 markets in California and offered delivery services in five of those markets. Grubhub had 4,000 delivery drivers in the state. It classified all of them as independent contractors.

After a customer ordered food through its online platform, Grubhub transmitted the order to the restaurant. Although customers could pick up their own orders, the food was typically delivered either by a restaurant delivery person or by a Grubhub driver. In the five California markets where Grubhub offered delivery services, the majority of customers had their orders delivered by the restaurants. Of the remainder, Grubhub's drivers delivered most of the orders.

Grubhub drivers selected their shifts, or "blocks," on a weekly basis. Blocks lasted between two and five hours and were scheduled around mealtimes. A driver was required to sign up for a full block. When drivers "toggle[d] available" during a scheduled block, the Grubhub app presented them delivery opportunities that they could choose to accept. Grubhub guaranteed a "true up" hourly pay for a given block if a driver accepted a certain high percentage of delivery opportunities offered during that block.

Plaintiff Raef Lawson is an aspiring actor, writer, and director in Los Angeles. In August 2015, Lawson signed up to make food deliveries through Grubhub. His contract did not restrict his ability to work for others or require him to be available for a specific amount of time. Lawson signed up for Grubhub blocks on 69 days between October 25, 2015, and February 14, 2016, and he made deliveries on 59 of those days. He was compensated for blocks totaling 35 hours in November, 105 in December, 60 in January, and 43 in the first two weeks of February. Grubhub did not reimburse Lawson for expenses incurred for fuel or for his cell phone.

Lawson sometimes "gamed" the Grubhub app. For example, on some days, he toggled himself available well after the start of his scheduled block. He also sometimes toggled himself available and then turned his cellphone on airplane mode to render it "out of network" so that he would not be scheduled additional deliveries. On other occasions, he accepted a delivery and then contacted the driver hotline to ask for it to be reassigned. During trial, Lawson claimed that he "d[idn't] really recall" having engaged in these practices.

On February 15, 2016, Grubhub terminated its agreement with Lawson because he had not performed delivery services during a high proportion of the delivery blocks for which he had signed up.

## II. Procedural and Legal Background

In September 2015, Andrew Tan, a Grubhub driver in San Francisco, brought a putative class action against Grubhub in state court under the California Labor Code, as well as a representative action under PAGA. *See* Cal. Lab. Code

§ 2689 *et seq.* Grubhub removed to federal court under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2). The parties consented to magistrate judge jurisdiction, and Lawson joined as a plaintiff. Lawson alleged that Grubhub failed to pay minimum wage in violation of Labor Code §§ 1194, 1197, failed to pay a time-and-a-half premium for hours worked in excess of forty hours per week or eight hours per day in violation of Labor Code §§ 1194, 1198, 510, and 554, and failed to reimburse for necessary business expenses in violation of Labor Code § 2802.

On a motion by Grubhub, the court denied class certification. It observed that only two of Grubhub's thousands of delivery workers in California—Lawson and one other—had opted out of the arbitration and class action waiver. It held that Lawson did not satisfy the Rule 23(a) requirements because he was atypical and not an adequate representative—that is, he was in a "unique position" and "would be unable to credibly make several procedural unconscionability arguments." Further, commonality was not present because the proceedings would not be able to generate common answers. After the class action ruling by the court, Tan dropped out of the suit, leaving Lawson as the sole plaintiff.

The parties stipulated to bifurcate the trial by focusing first on whether Lawson was misclassified, and second on whether Grubhub owes PAGA penalties for having misclassified its California drivers. The court held a bench trial on the classification issue in September 2017.

On February 8, 2018, the district court held that Lawson was properly classified as an independent contractor and granted judgment to Grubhub on all claims. *See Lawson v.*

*Grubhub, Inc.*, 302 F. Supp. 3d 1071 (N.D. Cal. 2018). The court applied the multi-factor test set out by the California Supreme Court in *Borello*. The court noted that some of the secondary *Borello* factors, including whether Lawson's work was "part of Grubhub's regular business," "favor[ed] an employment relationship." But the primary *Borello* factor—the hiring entity's "right to control" the work—"weigh[ed] strongly" in favor of independent contractor status because Grubhub did not control the manner and means by which Lawson performed his food deliveries. Because Lawson was an independent contractor, he was not an "aggrieved employee" and could not pursue his PAGA claims. Lawson timely appealed.

Three months later, the California Supreme Court adopted the so-called ABC test for classification of workers raising claims rooted in California wage orders, such as minimum wage and overtime claims. *See Dynamex Operations W., Inc. v. Superior Court*, 416 P.3d 1, 33–40 (Cal. 2018). Unlike the *Borello* test, the ABC test puts the burden on the hiring entity to show that its worker is not an employee. The hiring entity must establish all three of the following: (A) that the worker is free from the control and direction of the hiring entity in performance of the work; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established business of the same nature as the work performed. *Id.* at 35.

In September 2019, a panel of this court certified to the California Supreme Court the question whether *Dynamex* applies retroactively. *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045, 1049 (9th Cir. 2019). We stayed this appeal pending receipt of the answer.

That same month, the California legislature passed Assembly Bill No. 5 ("AB 5"), codifying and slightly modifying the ABC test. *See* Cal. Lab. Code § 2775 *et seq.*[1] First, AB 5 codified the ABC test for claims relating to wage orders. *Id.* §§ 2775(b)(1), 2785(a). Second, it extended the ABC test to apply more broadly to both the Labor Code and the Unemployment Insurance Code. *Id.* § 2775(b)(1). The extension was prospective, with an effective date of January 1, 2020. *See id.* § 2785(c). Third, it created several exemptions from the ABC test. *See id.* §§ 2776–2784, *e.g.*, *id.* § 2776 (exemption for a "bona fide business-to-business contracting relationship"). These exemptions, unlike the rest of AB 5, "shall apply retroactively to existing claims and actions to the maximum extent permitted by law." *Id.* § 2785(b).

In November 2020, California voters passed Proposition 22, which provides that, if certain conditions are met, "app-based drivers" are independent contractors. Cal. Bus. & Prof. Code § 7451. The conditions specified in Proposition 22 require hiring entities to provide certain benefits. For example, hiring entities must provide workers with an "[e]arnings [g]uarantee" of 120% of the minimum wage for engaged time, as well as compensation for vehicle expenses per engaged mile. *See id.* § 7453(a), (d)(4)(A)–(B). They also must provide a healthcare subsidy of 100% of the

---

[1] AB 5 was originally codified in § 2750.3 of the Labor Code, but in September 2020, the California Legislature passed AB 2257, which revised some of AB 5's exemptions, created additional ones, and moved it to § 2775 *et seq.*

average Covered California[2] premium to workers engaged an average of 25 or more hours per week, and 50% of the average premium to workers engaged an average of 15 to 25 hours per week. *Id.* § 7454(a)(1), (2). Hiring entities must also carry insurance coverage and provide some disability coverage. *Id.* § 7455. There is nothing in the text of Proposition 22 stating that it is retroactive. Proposition 22 took effect prospectively on December 16, 2020, under the default rule in the California Constitution. *See* Cal. Const. art. II, § 10(a).

In January 2021, the California Supreme Court held in *Vazquez v. Jan-Pro Franchising International, Inc.*, 478 P.3d 1207 (Cal. 2021), that the ABC test applies retroactively to claims rooted in wage orders. After the decision in *Vazquez*, we lifted the stay in this case and set it for argument. We grant all three motions for judicial notice (DE 63, 83, and 87). We deny as moot Jeffrey Grant's motion to become amicus (DE 33) because his brief concerns an issue that has been conclusively resolved.

### III. Analysis

We review a class certification decision de novo for legal error. If there was no legal error, we review for abuse of discretion. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1002 (9th Cir. 2018). We review de novo conclusions of law made after a bench trial. *Saltarelli v. Bob Baker Grp. Med. Tr.*, 35 F.3d 382, 385 (9th Cir. 1994).

---

[2] Covered California is California's health care exchange established under the Affordable Care Act.

In cases where state law applies, federal courts must "ascertain from all the available data what the state law is and apply it." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). Where there is no decision by the California Supreme Court, we are generally "bound by . . . the ruling of the highest state court issued to date." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017). "A state appellate court's announcement of a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1036 n.5 (9th Cir. 1994) (citation and quotation marks omitted).

## A. Class Certification

The district court properly denied certification to Lawson's proposed class of delivery drivers in California. In *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018), we decertified a class because it "include[d] drivers who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims." The case before us is even less worthy of certification than *O'Connor*. All members of Lawson's putative class—except Lawson and one other—signed agreements waiving their right to participate in a class action. The district court correctly held Lawson could not satisfy the requirements in Rule 23(a) because he is neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers.

Lawson makes several unavailing arguments in an attempt to evade *O'Connor*. He first argues that there was no

class waiver by the other putative class members. However, the record is clear that they waived the right "to have any dispute or claim brought between or among them, [or] heard or arbitrated as a class action." He also argues that the order denying class certification was premature because he had not yet moved for certification. But Rule 23 allows a preemptive motion by a defendant to deny class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). Lawson adduces no facts in addition to those already considered by the district court that could change the court's analysis as to class certification.

## B.  Retroactivity of the ABC Test

For many years, *Borello* supplied the framework under California law for determining whether a worker was an employee or an independent contractor. *Borello* analyzed several common-law factors, of which the most important was the hiring entity's "right to control the work," to conclude that farmworkers were employees for the purposes of California's workers' compensation statute. *Borello*, 769 P.2d at 403–07. *Borello* did not address claims arising from California wage orders.

In April 2018, shortly after the district court entered judgment in this case, the California Supreme Court held that *Borello* does not apply to claims rooted in California wage orders. *See Dynamex*, 416 P.3d at 40. At issue in *Dynamex* was a claim rooted in a wage order that "impose[d] obligations relating to the minimum wages, maximum hours, and a limited number of very basic working conditions." *Id.* at 5. The Court observed that the *Borello* multifactor test made ex ante determinations difficult and allowed hiring entities to evade their statutory responsibilities. *Id.* at 33–34.

The Court formulated the new ABC test applicable to wage order cases. Under the ABC test, a worker is properly classified as an employee unless the hiring entity establishes all three of the following factors:

> (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and*

> (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and*

> (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

*Id.* at 35.

As noted above, the California Supreme Court subsequently held that the ABC test applies retroactively. *See Vazquez*, 478 P.3d 1207 (Cal. 2021). The Court noted that *Dynamex* addressed a matter of first impression and "did not change a settled rule on which the parties below had relied." *Id.* at 1209. Retroactive application was also supported by "public policy and fairness concerns, such as protecting workers and benefitting businesses that comply with the wage order obligations." *Id.*

## C.  Abatement

Despite the California Supreme Court's holding in *Vazquez* that *Dynamex* is retroactive, Grubhub insists that Proposition 22 "abated" the application of its ABC test to Lawson's pending claims.  We disagree.

We conclude without difficulty that Proposition 22 does not apply retroactively.  California has a settled presumption against interpreting statutes—including ballot propositions—as having retroactive application.  "[I]n the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." *Evangelatos v. Superior Ct.*, 753 P.2d 585, 598 (Cal. 1988).  Proposition 22 does not purport to be retroactive, and it took effect on December 16, 2020, in accordance with the default rule in the California Constitution.  *See* Cal. Const. art. II, § 10(a).  Indeed, Grubhub does not argue that Proposition 22 is retroactive.

Even though Proposition 22 operates only prospectively, Grubhub insists that its passage prevents collection of employment benefits owed under the ABC test unless those benefits were reduced to judgment before the passage of Proposition 22.  Grubhub points to a line of cases holding that statutory causes of action are abated when the statute providing the cause of action is repealed before the plaintiff obtains a judgment.  "Although the courts normally construe statutes to operate prospectively, the courts correlatively hold under the common law that when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, a repeal of (the) statute without a saving clause will terminate all pending actions based thereon."

*Governing Bd. of Rialto Unified Sch. Dist. v. Mann*, 558 P.2d 1, 6 (Cal. 1977); *see also S. Serv. Co. v. Los Angeles Cnty.*, 97 P.2d 963, 970 (Cal. 1940) ("The *unconditional* repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them." (emphasis added)); *Daghlian v. DeVry Univ., Inc.*, 574 F.3d 1212, 1213 (9th Cir. 2009) (dismissing the plaintiff's pending claims because they were wholly dependent on a California statute that was repealed without a savings clause). *But see* 3 B. Witkin, Cal. Proc., 5th Actions § 20 (describing the abatement doctrine and noting that "this theoretical rule seldom operates in practice").

A California Court of Appeal has provided a four-factor test to determine whether a claim is abated. *See Zipperer v. Cnty. of Santa Clara*, 35 Cal. Rptr. 3d 487, 494 (2005). Plaintiffs in *Zipperer* brought a negligence claim against Santa Clara County, arguing that the county had violated a legal duty under California's Solar Shade Control Act not to plant vegetation, or to allow vegetation to grow, that would shade solar panels located on adjacent properties. *Id.* at 490, 492. The county owned a park adjacent to plaintiffs' property and had allowed trees to grow tall enough to shade plaintiffs' solar panels. However, two years before plaintiffs filed their claims, the county had passed an ordinance exempting itself from coverage under the Act pursuant to a provision allowing local governments to do so. *Id.* at 492, 493 n.4. To determine whether the ordinance abated the plaintiffs' claim under the Act, *Zipperer* focused on four factors: (1) "the statutory nature of the plaintiffs' claim"; (2) "the unvested nature of the plaintiffs' claimed rights"; (3) "the timing of the elimination of those rights"; and (4) "the nature of the mechanism by which the right of action was eliminated." *Id.* at 494. The Court of Appeal found that the duty to avoid

shading adjacent properties was entirely of statutory origin; that plaintiffs' rights were unvested at the time of the passage of the ordinance; that plaintiffs' rights under the Act had been eliminated before judgment; and that plaintiffs' rights had been fully eliminated by the ordinance. It thus held that the ordinance abated plaintiffs' rights under the Act and dismissed the claim. *Id.* at 493–96.

The first *Zipperer* factor, whether the cause of action is statutory, slightly favors a conclusion that Lawson's claims are abated. Labor Code claims are primarily statutory. *See Dynamex*, 416 P.3d at 31–32 (describing the legislative purposes of California's wage and hour statutes). However, we agree with Lawson that it is debatable whether his claims "rest[] *solely* on a statutory basis," for his minimum wage and overtime claims have roots in the common law. *Mann*, 558 P.2d at 6 (emphasis added); *see Zipperer*, 35 Cal. Rptr. 3d at 494 (emphasizing that the plaintiffs' Solar Shade Control Act claims were "wholly" statutory and that the plaintiffs "possessed no right or remedy . . . which existed apart from the statute itself" (quoting *S. Serv. Co.*, 97 P.2d at 969)); *Brown v. Crown Gold Milling Co.*, 89 P. 86, 89 (Cal. 1907) (a wage laborer may recover the reasonable value of his labor under a quantum meruit theory). However, despite their common-law roots, the claims in their present form are statutory and the Legislature or the voters are free to wholly repeal them.

The second factor strongly counsels against abatement because, unlike the plaintiffs in *Zipperer*, Lawson had "vested or contractual" rights. *Zipperer*, 35 Cal. Rptr. 3d at 494. Many statutory remedies, such as benefits under a worker's compensation statute, remain unvested until final judgment. *See Graczyk v. Workers' Comp. Appeals Bd.*, 229 Cal. Rptr.

494, 500–01 (1986). However, unpaid wages are vested property rights under the California Labor Code. *See Cortez v. Purolator Air Filtration Prod. Co.*, 999 P.2d 706, 709 (Cal. 2000) (overtime wages unlawfully withheld by an employer in violation of the Labor Code are "property to which the employees were entitled"); *accord Pineda v. Bank of Am., N.A.*, 241 P.3d 870, 878 (Cal. 2010) ("The vested interest in unpaid wages . . . arises out of *the employees'* action, i.e., their labor."); *Reyes v. Van Elk, Ltd.*, 56 Cal. Rptr. 3d 68, 73 (2007) (rights to unpaid wages are "vested property rights" (citation omitted)). Thus, if, as he claims, Lawson was an employee under the ABC test, his rights vested when he performed the work and was entitled to be paid.

Because Proposition 22 went into effect "before [the] judgment [became] final," the third factor—timing of the elimination of the right—could potentially support a finding of abatement. *Zipperer*, 35 Cal. Rptr. 3d at 494. But this factor matters little where, as here, the right already vested.

The fourth factor—the "mechanism by which the right of action is abolished"—also counsels against abatement. *See Zipperer*, 35 Cal. Rptr. 3d at 495. Grubhub argues that the phrase in Proposition 22 that reads "[n]otwithstanding any other provision of law, including . . . the Labor Code" abolished the ABC test. Cal. Bus. & Prof. Code § 7451. But Proposition 22 did not wholly abolish causes of action under the ABC test. Rather, it crafted a conditional and prospective exemption from the test for some workers. Proposition 22 neither changed the underlying Labor Code provisions governing these claims nor "changed the portion of AB-5 that set forth the ABC test itself." *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 651 n.5 (9th Cir. 2021). It merely "provides that app-based drivers . . . are independent contractors *if*

*certain conditions are met*." *Id.* (emphasis added). Indeed, given that most of the text of Proposition 22 consists of these "conditions," any supposed repeal is by definition not "unconditional." *S. Serv. Co.*, 97 P.2d at 970.

We therefore conclude that Proposition 22 did not abate Lawson's claims under the ABC test.

### D. Minimum Wage and Overtime Claims

As noted above, *Vazquez* held that the ABC test applies retroactively to claims rooted in wage orders. There is no dispute that Lawson's minimum wage and overtime claims are rooted in wage orders.

Because the district court rendered its judgment before the California Supreme Court decided *Dynamex*, it had no occasion to apply the ABC test to Lawson's claims. Lawson asks us to apply the ABC test ourselves rather than remand it to the district court to apply in the first instance. He argues that Grubhub clearly cannot satisfy the "B" prong of the test because food delivery work is obviously not "outside the usual course of [Grubhub's] business." *Dynamex*, 416 P.3d at 35. This issue was litigated below because—as noted in *Vazquez*—"the three elements of the ABC test are prominent factors already listed in *Borello*." 478 P.3d at 1214. At trial, Grubhub contended that food deliveries were outside the regular course of its work because, as its Chief Operating Officer testified, the company was simply an "online take-out marketplace." The district court rejected this argument in applying the *Borello* factors: "[A]t the time Mr. Lawson drove for Grubhub[,] food delivery was part of Grubhub's regular business in Los Angeles." *Lawson*, 302 F. Supp. 3d at 1090.

We nonetheless prefer to remand to the district court to apply the ABC test in the first instance. First, we do so because "remand is necessary anyway" on other claims. *See Parada v. E. Coast Transp. Inc.*, 277 Cal. Rptr. 3d 89, 96, 97 (2021) (remanding even though the defendant "appear[ed] unlikely" to succeed under the ABC test). Second, as we noted above, the exemptions in AB 5 apply retroactively to existing claims "to the maximum extent permitted by law." Cal. Lab. Code § 2785(b). On remand, Grubhub will have the opportunity to show that one of these exemptions applies to its relationship to Lawson.

## E. Expense Reimbursement Claim

The California Supreme Court in *Dynamex* did not consider whether expense reimbursement claims under Labor Code § 2802 are subject to the ABC test. *See Dynamex*, 416 P.3d at 7 n.5 (noting that the plaintiffs "did not seek review of that aspect of the Court of Appeal decision"). AB 5 expanded the application of the ABC test to the rest of the Labor Code, but that expansion took effect only on January 1, 2020—long after Lawson stopped working for Grubhub. Cal. Lab. Code § 2785(c). Neither *Dynamex* nor AB 5 clearly settles whether the ABC test should be applied to Lawson's expense reimbursement claim.

The California Courts of Appeal have not squarely decided whether the ABC test applies to expense reimbursement claims arising out of conduct prior to January 1, 2020. *See, e.g.*, *Gonzales v. San Gabriel Transit, Inc.*, 253 Cal. Rptr. 3d 681, 708 (2019), *review dismissed*, 481 P.3d 1144 (Cal. 2021) (remanding reimbursement claims with instructions to "evaluate which Labor Code claims enforce wage order requirements" and to apply the ABC test

to those that do). As the Court of Appeal did in *Gonzales*, we allow the trial court to decide in the first instance whether the ABC test applies to Lawson's expense reimbursement claim.

## Conclusion

We affirm the denial of class certification, vacate the judgment for Grubhub on the minimum wage, overtime, and expense reimbursement claims, and remand for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs on appeal.