NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA POWELL, an individual, | No. 22-35361 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01077-JR |
| v. | |
| JOHN DENNIS RASMUSSEN, an individual, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| COLTON RASMUSSEN, an individual; HEIDI RASMUSSEN, an individual; IAN RASMUSSEN, an individual; TERRA-MAGIC, INC., an Oregon corporation; Nominal Defendant; TERRA-MAGIC SEEDS, LTD., an Oregon corporation; Nominal Defendant, | |
| Defendants. | |

| | |
|---|---|
| DEBRA POWELL, an individual, | No. 22-35362 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01077-JR |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COLTON RASMUSSEN, an individual;
HEIDI RASMUSSEN, an individual,

      Defendants-Appellants,

 and

JOHN DENNIS RASMUSSEN, an
individual; IAN RASMUSSEN, an
individual; TERRA-MAGIC, INC., an
Oregon corporation; Nominal Defendant;
TERRA-MAGIC SEEDS, LTD., an Oregon
corporation; Nominal Defendant,

      Defendants.

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted August 21, 2023
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Defendant John Dennis Rasmussen (Rasmussen) appeals the district court's

Limited Judgment. Rasmussen appeals the district court's decisions (i) not to apply

a marketability discount in determining the fair value of Plaintiff Debra Powell's

shares in Terra-Magic, Inc. and Terra-Magic Seeds, Ltd. (collectively, Terra-

Magic), (ii) to reject Rasmussen's proposed terms of purchase for the purchase of

Powell's shares, (iii) to appoint a custodian to liquidate Terra-Magic's assets, and

(iv) to allow the custodian to retain control over Terra-Magic until the conclusion

of all related proceedings. Rasmussen also appeals the district court's decision to allow Powell to continue litigating some of her claims after Rasmussen elected to purchase Powell's shares under Oregon Revised Statute (O.R.S.) Section 60.952. Defendants Colton Rasmussen (Colton) and Heidi Rasmussen (Heidi) also appeal the district court's Limited Judgment, although they limit their appeal to the court's decision to allow Powell to continue litigating some of her claims against Colton and Heidi after Rasmussen's election to purchase Powell's shares. We have jurisdiction under 28 U.S.C. § 1292. We affirm in part and remand in part for further proceedings consistent with this opinion.

We review questions of law and mixed questions of law and fact de novo, and we review findings of fact for clear error. *Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, 891 F.3d 839, 844 (9th Cir. 2018). "In cases where state law applies, [we] must 'ascertain from all the available data what the state law is and apply it.'" *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). We review the appointment of a custodian for abuse of discretion. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).[1]

1. Under Oregon law, "in the absence of a finding of oppression, the court may, but need not, apply a marketability discount, depending on the particular

---

[1] Because the parties are familiar with the facts, we do not recount them here.

circumstances of the case." *Ybarra v. Dominguez Fam. Enters., Inc.*, 521 P.3d 834, 838 (Or. Ct. App. 2022). The district court therefore had discretion not to apply a marketability discount, based on Powell's lack of control and knowledge concerning Terra-Magic's management and finances.

2. Rasmussen argues that O.R.S. Section 60.952 did not provide the district court with discretion to reject his proposal to complete the share purchase in installments and instead require him to have all funds immediately available for the purchase. In his view, the district court should have accepted his proposal under subsection (5) of the statute, which specifies that "[i]f the court orders a share purchase, the court shall: . . . [s]pecify the terms of the purchase, including, if appropriate, terms for installment payments." O.R.S. § 60.952(5)(a)(C). But the text of this subsection plainly permits courts to authorize installment payments if appropriate, without requiring that they do so. Here, the district court reasonably determined that Rasmussen's installment proposal was not appropriate, based upon his failed attempt to sell assets in order to complete the share purchase independently. *See* O.R.S. § 60.952(5)(a)(B) (if a court orders a share purchase, it must "[c]onsider any financial . . . constraints on the ability of the . . . purchasing shareholder to purchase the shares).

3. The district court did not abuse its discretion in appointing a custodian "to oversee the sale of sufficient [Terra-Magic] assets to pay [Powell] the fair value of

4

her shares." Federal courts consider "a variety of factors" in deciding whether to appoint a custodian, including (i) "whether the party seeking the appointment has a valid claim," (ii) whether the relevant "property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered," and (iii) "the possibility of irreparable injury to [the] plaintiff's interest in the property." *Canada Life*, 563 F.3d at 844 (cleaned up). Given Rasmussen's failure to secure the funds for an immediate share purchase, and given the district court's finding that Rasmussen could not be trusted to complete a share purchase in installments, the district court did not abuse its discretion when it appointed a custodian to oversee the sale. For the same reasons, the district court did not abuse its discretion in permitting the custodian to retain control over Terra-Magic's assets until the conclusion of all related proceedings.

4. Rasmussen contends that the district court erred in permitting Powell to continue pursuing her remaining direct claims against him for allegedly participating in or aiding and abetting Colton's allegedly tortious conduct. He also contends that the court erred in permitting Powell to pursue her derivative claims against Rasmussen as direct claims. Rasmussen argues that his election to purchase Powell's shares under O.R.S. Section 60.952(6) eliminated Powell's right to continue litigating these claims. Colton and Heidi similarly contend that the district

5

court erred in allowing Powell to continue pursuing her derivative claims against them as direct claims.

This appeal raises interesting and difficult questions regarding the scope of a court's authority under O.R.S. Section 60.952. Both the language of the statute and the Oregon Supreme Court's decision in *Graydog Internet Inc. v. Giller*, 406 P.3d 45 (2017), however, could be read to suggest that, under the circumstances presented here, the district court should not have permitted Powell to continue litigating her remaining claims against Rasmussen. We therefore remand for the district court to reopen these proceedings and redetermine the fair value of Powell's shares, while accounting for the impact of Rasmussen's alleged conduct upon the value of those shares, pursuant to O.R.S. Section 60.952(5)(a)(A).

The conduct Powell complains of—Rasmussen's alleged conversion, unjust enrichment, breach of fiduciary duty, and waste of corporate assets—is precisely the conduct "giving rise to [Powell's] proceeding under subsection (1)" of the statute. *See* O.R.S. § 60.952(5)(a)(A). And the statute directs that, when the court orders a share purchase, it shall "[d]etermine the fair value of the shares . . . *taking into account any impact on the value of the shares* resulting from" such actions.[2] *Id.* (emphasis added). Allowing resolution of Powell's claims against Rasmussen

---

[2] This is, indeed, how Powell anticipated the court would proceed, as her counsel acknowledged at oral argument.

6

via further litigation, rather than by including them in the valuation of the share purchase, may thus run contrary to the Oregon Supreme Court's admonition that the statute was designed to "[r]educ[e] litigation between shareholders" and "provid[e] a shortcut to a remedy." *See Graydog*, 406 P.3d at 56.

Upon remand, the district court should also factor Powell's derivative claims against Colton and Heidi into its fair value determination under O.R.S. Section 60.952.[3] As the Oregon Supreme Court stated in *Graydog*, when a shareholder files a proceeding under subsection (1) of O.R.S. Section 60.952, she "in effect makes an offer to sell all of [her] shares, for fair value, to the corporation or another shareholder, *without resolving the merits of the complaint . . .* that [she] filed," *Graydog*, 406 P.3d at 48 (emphasis added). Because the district court must resolve the allegations against Colton and Heidi in order to address Powell's allegations against Rasmussen, those allegations are best viewed as an essential part of the events giving rise to the proceeding Powell filed under subsection (1) of the statute. We express no view regarding how the district court may organize the factfinding process; our holding is only that a unified proceeding is required in this matter.

---

[3] Colton and Heidi have not appealed the district court's decision to let Powell continue litigating her direct claims against them.

5. Finally, Powell contends that the procedures set forth in O.R.S. Section 60.952 violate her right to a jury trial. By invoking O.R.S. Section 60.952, however, she waived the right to obtain a resolution of her claims under subsection (1) outside of the procedures provided for by the statute. *See Graydog*, 406 P.3d at 48; *see also Horton v. Oregon Health & Sci. Univ.*, 376 P.3d 998, 1044 (Or. 2016) ("Neither the text nor the history of the jury trial right suggests that it was intended to place a substantive limitation on the legislature's authority to alter or adjust a party's rights and remedies."). While nothing in this opinion should be taken to limit the district court's discretion to employ an advisory jury if it so wishes, the fact that this case was filed in federal, rather than state court, does not alter the fact that Powell is no longer entitled to a resolution of the merits of her claims under subsection (1). Given Rasmussen's election to purchase Powell's shares under O.R.S. Section 60.952(6), the only thing Powell is entitled to is the purchase of her shares, pursuant to the terms set by the court under O.R.S. Section 60.952(5). *See* O.R.S. § 60.952(6)(f).

\* \* \*

For the reasons set forth above, we remand in part in order for the district court to reopen proceedings under O.R.S. Section 60.952 and redetermine the fair value and terms of purchase of Powell's shares under subsection (5) of that statute,

while "taking into account any impact on the value of the shares resulting from the actions giving rise to" this proceeding. *See* O.R.S. § 60.952(5)(a)(A), (6)(f); *Graydog*, 406 P.3d at 48.

**AFFIRMED in part and REMANDED in part for further proceedings consistent with this opinion. Each party is to bear its own costs and fees on appeal.**