NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID CLARK, as guardian and
conservator for James W. Carroll and
personal representative of the estate of
Dorothy M. Carroll; DELLA CLARK, as
guardian and conservator for James W.
Carroll,

Plaintiffs-Appellants,

v.

SILAC INSURANCE COMPANY, FDBA
Equitable Life & Casualty Insurance
Company; JOHN DOES, 1-20,

Defendants-Appellees.

No. 22-35685

D.C. No. 9:20-cv-00155-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 25, 2023[**]
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.
Partial Dissent by Judge BENNETT.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

James and Dorothy Carroll (together, the Carrolls) took out a long-term care insurance policy and a home-care recovery policy issued by SILAC Insurance Company (SILAC).[1] Following several hospital stays between 2018 and 2021, the Carrolls sought coverage for a variety of services under the two policies. After SILAC provided coverage for only some of the services, the Carrolls filed a complaint in state court alleging that SILAC denied them additional benefits that were due under the policies. SILAC removed the case to federal court. The parties cross-filed motions for summary judgment, and the district court granted SILAC's motion for summary judgment and denied the Carrolls' motion as moot.

We review a district court's grant of summary judgment de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). "In cases where state law applies, federal courts must 'ascertain from all the available data what the state law is and apply it.'" *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Although the parties dispute whether Section 33-22-1115 of the Montana Code Annotated applies to the Carrolls' long-term care insurance policy, we need not resolve that dispute. As relevant here, the Carrolls' long-term care insurance

---

[1] The Carrolls' court-appointed guardians and conservators, David and Della Clark, were substituted as plaintiffs upon a showing that the Carrolls lacked mental capacity.

policy describes a benefit—the Home Again Benefit—that contains a prior-institutionalization requirement. The Carrolls contend that the prior-institutionalization requirement is void under both Section 33-22-1115(3) and Section 33-22-1115(2) of the Montana Code. Even assuming Section 33-22-1115 applies, the Carrolls' argument does not succeed.

Section 33-22-1115(3) prohibits an insurance company from including a prior-institutionalization requirement in a long-term care insurance policy only when the "policy . . . contains a benefit advertised, marketed, or offered as a home health care benefit." Mont. Code. Ann. § 33-22-1115(3) (1989).[2] The policy here contains no such benefit. Under Montana law, the definition of "home health care" is limited to "services provided by a licensed home health agency to an insured in the insured's place of residence that is prescribed by the insured's attending physician as part of a written plan of care." *Id*. § 33-22-1001. By contrast, the Home Again Benefit "will be paid regardless of who provides for [the insured's] care, including family members, friends, and home health agencies."[3]

While an insured may thus elect to receive the care they need from a home health agency, the policy is—by its plain terms—not limited to the types of care

---

[2] While the 1989 version of the statute applies to the Carrolls' claims, the current version of the statute still includes this prohibition. Mont. Code. Ann. § 33-22-1115(3) (2021).

[3] A similar description is included in the marketing material for the long-term care insurance policy.

that such an agency can provide. And in addition to permitting any person to provide the insured's care, the policy provides coverage for "any need" the insured may have, including "adult day care." *Cf. id.* (limiting "home health care" to services provided "in the insured's place of residence"). The distinction between a home health care benefit and the Home Again Benefit is further highlighted by the marketing material, which states that "[a]fter a long term care stay you may need assistance in your home to help in your recovery. Your Home Again [B]enefit is designed to do just that." Thus, the benefit offers a broader array of services in a narrower set of circumstances: when coming home again after a long-term care stay.

Section 33-22-1115(2) requires that a long-term care insurance policy label any limitations or conditions on eligibility in a separate paragraph entitled "Limitations or Conditions on Eligibility for Benefits." *Id.* § 33-22-1115(2) (1989).[4] Although the Carrolls' policy does not disclose the institutionalization requirement in such a paragraph, SILAC nevertheless unambiguously and prominently disclosed that requirement on the second page of the policy. As such, the error is only a "technical violation" and does not invalidate the "unambiguous policy exclusion[]" here. *See High Country Paving, Inc. v. United Fire & Cas. Co.*,

---

[4] The current version of the statute still includes this requirement. Mont. Code. Ann. § 33-22-1115(2) (2021).

507 P.3d 1165, 1168 (Mont. 2022).

The Carrolls also contend that they were entitled to unlimited home-care benefits under their home-care recovery policy. But the first page of the policy states that it is a "LIMITED BENEFIT POLICY," and the second page of the policy explains that a beneficiary will receive benefits only under limited circumstances. Although the Carrolls argue that the description of the home-care benefits is ambiguous, the policy is not ambiguous or incomprehensible to an ordinary consumer. Nor could the fact that SILAC's call center representatives stated that the policy had an "unlimited timeframe for benefits" and characterized the policy as being "harder-to-understand" transform the policy into one with unlimited benefits. The policy itself states that "[n]o agent may change this Policy or waive any of its provisions."

Because the Carrolls' long-term care insurance policy and home-care recovery policy do not violate Montana law, the district court correctly dismissed the Carrolls' remaining claims for bad faith, breach of fiduciary duty, and fraud.[5]

**AFFIRMED.**

---

[5] The Carrolls do not argue that the long-term care insurance policy's technical violation of Section 33-22-1115(2) serves as a basis for these claims.

*Clark v. SILAC Insurance Company*, No. 22-35685

BENNETT, Circuit Judge, dissenting in part:

I respectfully dissent, in part. I believe the Home Again Benefit violates the Montana Long-Term Care Act ("LTCA" or "Act"), *see* Mont. Code Ann. § 33-22-1103, *et seq*., and therefore would reverse summary judgment on this basis and remand to the district court. I would affirm the district court as to Plaintiffs' other claims.

First, the LTCA applies. Although most provisions of the Act became effective on March 28, 1989, the Montana legislature delayed the effective date of the section relevant here—§ 33-22-1115—until March 28, 1990. 1989 Mont. Laws 810. On March 27, 1990, James and Dorothy Carroll applied for a long-term care insurance policy offered by SILAC. As part of their application, the Carrolls signed a Medical Authorization that stated: "I understand and agree that the Policy applied for will not take effect until issued by the Company." On May 18, 1990, SILAC decided to underwrite the Carrolls' policy, and on or around May 24, 1990, SILAC's Policy Issue Department completed the last step in the policy issuing process. But upon issuing the policy to the Carrolls, SILAC backdated it, stating that the policy's effective date was March 27, 1990.

1

SILAC now claims that because the policy's effective date occurred one day before § 33-22-1115 became effective, that provision cannot apply.[1]   But the language of § 33-22-1115 states that it applies to policies "delivered or issued for delivery" on or after March 28, 1990.  *See* Mont. Code Ann. § 33-22-1115(1) (1989); 1989 Mont. Laws 810.  Although the Carrolls' policy was backdated, it cannot have been "delivered or issued for delivery" before SILAC decided to underwrite it.  In other words, though the Carrolls *applied* for the policy on March 27, 1990, the policy was not actually *issued for delivery* until after May 24, 1990—regardless of its "effective date."  Thus, § 33-22-1115 applies.

Second, both the marketing materials associated with the Home Again Benefit and the language of the policy show that the policy "*contains a* benefit advertised, marketed, or offered as a home health care benefit."  Mont. Code. Ann. § 33-22-1115(3) (1989) (emphasis added).  Accordingly, it was unlawful for the policy to "condition receipt of a benefit on a prior institutionalization requirement."  *Id*.

According to the Act, "home health care" is a defined term with five requirements.  That term covers: (1) services (2) provided by a licensed home health agency (3) to an insured (4) in the insured's place of residence (5) as

---

[1] The panel majority assumes without deciding that the provision does apply.  Maj. at 3.

prescribed by a physician as part of a written plan of care.  Mont. Code. Ann. § 33-22-1001.  Examples of services provided by home health care are listed in the statute.[2]  *Id.*

> The policy issued to the Carrolls states, in part:
>
> To help in Your recovery following a Long Term Care stay, We will pay a benefit when You come home again.  Home Again Benefits will be paid regardless of who provides for Your care, including family members, friends, and home health agencies.  Benefits may be used for any need You may have, including adult day care or respite care.
> We will pay the Home Again Benefit when:
> 1)     You come home again following a Long Term Care stay of more than 30 days;[3] and

---

[2] Section 33-22-1001 reads in its entirety:

> "Home health care" means services provided by a licensed home health agency to an insured [in the insured's] place of residence that is prescribed by the insured's attending physician as part of a written plan of care.  Services provided by home health care include:
>
> (1) nursing;
> (2) home health aide services;
> (3) physical therapy;
> (4) occupational therapy;
> (5) speech therapy;
> (6) hospice service;
> (7) medical supplies and equipment suitable for use in the home; and
> (8) medically necessary personal hygiene, grooming, and dietary assistance.

Mont. Code Ann. § 33-22-1001.

[3] SILAC does not dispute that this is a prior institutionalization condition.

2)    Your Doctor certifies Home Again Care is reasonable and necessary to provide for Your health and safety.[4]

SILAC advertised this benefit by promising consumers: "We will pay for care received from family, friends, home health agencies or anyone you choose—even respite care and adult day care are covered." This marketing aligned with the policy, which states that the Home Again Benefit "will be paid regardless of who provides for Your care, including family members, friends, and home health agencies."

Both the marketing and the policy give rise to violations under Section 33-22-1115(3), which states: "A long-term care insurance policy that contains a benefit advertised, marketed, or offered as a home health care benefit may not condition receipt of a benefit on a prior institutionalization requirement." There can be no dispute that the Home Again Benefit covers (and was marketed as covering) services provided to an insured in the insured's place of residence by a licensed home health agency, as certified/ordered by a physician. However, the

---

[4] The policy also provided: "'HOME AGAIN CARE' means a program of care ordered by a Doctor for a person unable to engage in the normal activities of persons of the same age and sex"; and "For Us to provide Prior Authorization for HomeCare Recovery Services, We must have a written plan of treatment from Your Doctor. The plan of treatment must contain a specific diagnosis of Your medical and physical condition, describe any functional limitations and include a plan of care."

majority holds that because the Home Again Benefit is "not limited to the types of care" a home health agency might provide, Maj. at 3–4, it is not subject to the LTCA. This conclusion is puzzling. Why would the statute be inapplicable when the policy provides statutorily defined "home health care," simply because the policy also provides other benefits? While the statute could have excluded (albeit illogically) home health care+ policies from the institutionalization condition prohibition, it did not do so. And, to repeat, the statute specifically says: "A long-term care insurance policy that contains *a* benefit advertised, marketed, or offered as a home health care benefit may not condition receipt of *a* benefit on a prior institutionalization requirement." Mont. Code Ann. § 33-22-1115(3) (emphases added). The policy contains *a* relevant benefit and it conditions receipt of *a* benefit on a prior institutionalization. The plain language of the policy shows a clear violation.

There is no dispute that care provided by family or friends pursuant to the Home Again Benefit falls outside the reach of § 33-22-1115(3). But, again, the question posed by the text of the statute is not whether the policy covers *only* home health care benefits, the question is whether the policy "*contains a* benefit advertised, marketed, or offered as a home health care benefit." *Id.* § 33-22-1115(3) (emphasis added). Even though the Home Again Benefit provision contains other benefits that are not home health care benefits, it undoubtedly

5

*contains* home health care benefits. *See FDIC v. Meyer*, 510 U.S. 471, 476 (1994) (noting that when the text of a statute contains undefined terms, we construe those terms to have their ordinary meanings); *see also Park Place Apartments, L.L.C. v. Farmers Union Mut. Ins. Co.*, 247 P.3d 236, 239 (Mont. 2010) ("When a court reviews an insurance policy, it is bound to interpret its terms according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products.").

The insurance provided to the Carrolls by their policy covered care provided in their home and certified by their doctors as reasonable and necessary. This care could be provided by family members, or, as the policy and advertisements for the policy made clear, by licensed home health agencies. Because I believe this is a home health care benefit under Montana law, I would reverse on this ground and remand for further appropriate proceedings.