**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES HAYES, | No. 23-15403 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02048-KJD-BNW |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DORIS HEARRINGTON; JENNIFER WOOD, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JOSEPH LOMBARDO, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Submitted January 12, 2024[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: BOGGS,*** RAWLINSON, and H.A. THOMAS, Circuit Judges.

Appellant Charles Rico Hayes appeals the district court's grant of summary judgment to the Las Vegas Metropolitan Police Department ("LVMPD") and two of its employees, Doris Hearrington, and Jennifer Wood, on his 42 U.S.C. § 1983 claims for (i) false arrest and false detention (against LVMPD, Hearrington and Wood), (ii) *Monell*[1] liability (against LVMPD), (iii) negligence (against LVMPD, Hearrington, and Wood), and (iv) intentional infliction of emotional distress (against LVMPD, Hearrington, and Wood). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019), and may affirm on any ground finding support in the record, *M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). We affirm.[2]

1. To establish a due process claim under 42 U.S.C. § 1983 predicated on false arrest and detention due to mistaken identity, a plaintiff must show that the defendant did not provide the "minimum due process appropriate to the circumstances to ensure that his liberty was not arbitrarily abrogated." *Garcia v.*

---

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978).

[2] Because the parties are familiar with the facts, we do not recount them here.

*Cnty. of Riverside*, 817 F.3d 635, 638, 642 (9th Cir. 2016). Circumstances demand further investigation where there are "significant differences between the arrestee and the true warrant subject" alongside "repeated protests of innocence." *Id* at 640.

Viewing the facts in the light most favorable to Hayes, the record shows that Hearrington and Wood conducted a sufficient, good faith investigation into Hayes's identity. Hearrington emailed the Kern County Sheriff's Office after Hayes's arrest to request verification that he was the correct subject and requested photo comparisons. As to Wood, Hayes fails to show that her minimal role in the events surrounding his detention and extradition actually or proximately caused those events. Hayes was arrested in possession of Robinson's California driver's license, which was the only form of identification he was carrying at that time. Many of Hayes's physical characteristics matched the fugitive warrant, and Hayes did not object to his misidentification in court. Under these circumstances, Hayes has failed to demonstrate that Hearrington's and Wood's actions were not taken in good faith or that he was deprived of a constitutional right. And for the same reason, LVMPD cannot be held liable under a *Monell* theory of liability. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

2. Under Nevada law, a negligence claim requires a showing that: (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty,

(3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *DeBoer v. Sr. Bridges of Sparks Fam. Hosp., Inc.*, 128 Nev. 406, 412 (2012); *see also Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) ("In cases where state law applies, federal courts must 'ascertain from all the available data what the state law is and apply it.'"). The parties agree that officials "have a duty to further reasonably investigate an arrestee's identity when faced with repeated complaints of innocence and facts objectively showing dissimilarities between the detainee and wanted suspect." *Garcia*, 817 F.3d at 642.

Hayes's negligence claims fail for the reasons stated above. There is no evidence to suggest that the investigative techniques that Hearrington and Wood undertook were unreasonable, or that they caused Hayes's extradition and detention. "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

3. A plaintiff claiming intentional infliction of emotional distress ("IIED") must show that the defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378 (1999). "Extreme and outrageous conduct" is defined as "that which is outside all possible bounds of decency" and is regarded as "utterly intolerable in a civilized community."

4

*Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 (1998). Because Hearrington and Wood made good faith efforts to investigate Hayes's identity, their conduct cannot be characterized as an "extreme abuse" of their positions. *See* Restatement (Second) of Torts § 46 (1965) (describing standard for IIED claims); *see also* *Selsnick v. Horton*, 96 Nev. 944, 946 (1980); *Olivero v. Lowe*, 116 Nev. 395, 400 (2000) (citing the Restatement (Second) of Torts § 46 as a relevant authority for IIED claim).

**AFFIRMED.**